In the Matter of the Application of FRANCES A. BACON, Petitioner, against WALTER F. SCHMIEDING and Another, Constituting Board of Elections, Respondents.

Supreme Court, Erie County, November 18, 1930.

*Daniel J. Kenefick*, for the petitioners.

*M. Edwin Merwin, County Attorney* [*Jacob Tick* of counsel], for the respondents Commissioners of Election.

*Regis O'Brien*, for other interested parties.

HARRIS, J. These are eight separate applications, in each of which is asked an order that the petitioner be declared duly elected as a member of the Republican State committee for the Assembly district in which she resides, and that the commissioners of election furnish the petitioner in each case with a certificate of her election as such member of the Republican State committee.

These proceedings are instituted under section 330 of the Election Law. Proof is afforded by affidavit that each petitioner is a duly affiliated Republican voter residing in her Assembly district; that she duly filed a designating petition, in proper form, with the bureau of elections, and that her name was placed on the official ballot for the primary election held September 16, 1930; that in each district two men appeared on the official ballot as candidates for the same position, and that their designating petition in each district was a joint one; that each of such petitioners in her Assembly district received a vote less than that received by each of the two men candidates for the State committee, and that in each Assembly district the petitioner seeking election in such Assembly district was the only woman who filed such a petition, and the only woman whose name appeared on the official ballot, and, therefore, was the woman receiving in such Assembly district the highest number of votes for the office of member of the Republican State committee.

Each petitioner justifies her claim to the relief asked for in her petition and in these proceedings by claiming that a rule of the Republican State committee required the election of a woman as a member of the State committee from each Assembly district, and that section 11 of the Election Law required that if such a rule existed, candidates for such position should be listed in columns separate as to the sex of the candidate on the ballot. The respondents deny the existence of any legal or valid rule of the Republican State committee providing for the equal representation of sexes on the State committee, and contend that the portion of section 11 of the Election Law which provides for the separate listing of candidates for said position according to sex, did not apply to the

primary election September 16, 1930. The rule under which the petitioners make their claim is one purported to have been adopted by the Republican State committee on the 21st day of May, 1926, and is hereinafter set forth.

Prior to April 9, 1925, section 11 of the Election Law provided as follows: " § 11. State committee. The state committee of each party shall be constituted by the election from each assembly district of one member who shall be an enrolled voter of the party within such district. Each member of a state committee shall be entitled to one vote."

By amendment, effective April 9, 1925, the foregoing section was amended to read as follows: " § 11. State committee. The state committee of each party shall consist of such number and its members shall be elected from such units of representation as the party shall provide by a rule adopted at a state convention at which the party candidates for state offices are nominated; provided, however, that prior to June first, nineteen hundred and twenty-six, the state committee of any party may make such a rule, which shall apply to the election of members of such committee at the fall primary in the year nineteen hundred and twenty-six and to their election thereafter until otherwise provided by rule adopted by such a state convention, either changing or repealing the rule adopted by such state committee.

" By any rule herein provided for, each unit of representation shall have an equal number of members.

" Unless and until otherwise provided by rule, such committee shall continue to be constituted by the election from each assembly district of one member.

" Whether such committee be constituted by statute or rule, each member shall be an enrolled voter of the party within the unit of representation from which he is elected and each member shall be entitled to one vote."

On the 21st day of May, 1926, the Republican State committee adopted the following resolution:

" *Resolved*, that pursuant to Section 11 of the Election Law, the Assembly District shall be the basis of representation for the election of the Republican State Committee at the ensuing Primary, and that said committee shall consist of two members from each Assembly District, one of whom shall be a woman, to be elected in accordance with the provisions of the Election Law, and that same continue as the unit of representation and number of members of the committee until otherwise provided by rule adopted by State Convention at which candidates for public offices are nominated "

— this being the rule or resolution on which the petitioners rely for their relief herein.

That portion of the above rule providing " one of whom shall be a woman," was the basis of a proceeding in the Supreme Court of Herkimer county, New York, entitled *Matter of Burton* v. *Schmidt* (128 Misc. 270, October, 1926), in which proceeding such rule was declared to be invalid. A similar provision in reference to the compulsory election of an equal number of men and women to a county committee was declared invalid in *Matter of Slawson* (111 Misc. 271, March, 1920).

Following the disposition of the proceeding of *Burton* v. *Schmidt* (*supra*) no further action was taken by the Republican State committee in reference to the resolution above set forth and adopted by the Republican State committee May 21, 1926. No further action was taken by the Legislature in reference to the mandatory placing of both women and men on party committees until the amendment of section 11 of the Election Law made by chapter 542 of the Laws of 1929, which went into effect April 11, 1929, which section as then amended now reads:

" § 11. State committee. The state committee of each party shall have power to make its own rules as to the number of its members, the units of representation from which its members shall be elected, and may provide for the equal representation of sexes from each unit.

" By any rule herein provided for, each unit of representation shall have an equal number of members.

" Unless and until otherwise provided by rule, such committee shall continue to be constituted by the election from each assembly district of two members.

" When any such rule provides for the equal representation of sexes from each unit, the designating petitions and primary ballots shall carry such party positions separately by sexes.

" Whether such committee be constituted by statute or rule, each member shall be an enrolled voter of the party within the unit of representation from which such member is elected and each member shall be entitled to one vote."

The amendment of 1929 may be objected to as invalid, for the reason that such legislation may do away with the rule of majorities, and in interfering, as it may, with the selection without discrimination of candidates for public office, it may violate both the Federal and State Constitutions. On the other hand, it can be argued that by making selection of committeemen, based on sex, creed, color or other differences of humanity, more efficient results in working among the voters may be attained by a party organi-

zation. As I view it, however, the question of the validity of the present section 11 of the Election Law is not before me at this time.

The question before me is whether the resolution adopted by the Republican State committee, on the 21st day of May, 1926, heretofore set forth, is one that could legally be adopted by such State committee. The provisions of the Election Law are controlling on the political parties, their organization, their committees and their operation (*People ex rel. Coffey* v. *Democratic General Committee of Kings County*, 164 N. Y. 335), and in providing for the constitution and organization of the State committee it is necessary that a political party comply with the provisions of the Election Law. Section 11 of the Election Law in effect on the said 21st day of May, 1926, gave to the State committee of each party the right to select the unit of representation and the number of members which should represent such unit, but did not give to such State committee the right to provide that representation should be based on sex, and, therefore, I am of the opinion that the rule or resolution adopted by the Republican State committee on May 21, 1926, was invalid and, therefore, never was a legal rule of the Republican State committee.

It has been argued on behalf of the petitioners that the amendment of section 11 of the Election Law, which went into effect on April 11, 1929, was curative of the action of the Republican State committee in adopting such resolution of May, 1926, but the language of section 11 of the Election Law, as amended in 1929, which provides specifically for " equal representation of sexes," is to my mind a new thought on the part of the Legislature and not an approval of a rule which provided that " one of whom shall be a woman," which latter leaves the inference that one need not necessarily be a male.

In view of my conclusions in the foregoing, it becomes necessary to dismiss each of the applications herein.

The matters being of public moment, in which all the parties thereto apparently are honestly seeking adjudication on an important branch of the Election Law, no costs are granted herein.