In the Matter of the Application of RICHARD CAVELLIER for an Order Declaring the Primary Election of State Committeeman in Assembly District of the State, Comprising the County of Oswego, Held on the 2d Day of April, 1936, Null and Void.

Supreme Court, Oswego County, April 14, 1936.

*Olmsted, Van Bergen & Preston*, for the petitioner.

*William Gallagher*, for the respondents.

CREGG, J. On April 2, 1936, John F. Otis and Gertrude M. Johnston received a majority of the votes cast for the offices of members of the State committee for the Democratic party in the county of Oswego.

The petitioner herein, Richard Cavellier, whose name appeared on the primary ballot, asks in this proceeding to have the election of Otis and Johnston declared null and void on the grounds that the primary ballot submitted to the Democratic electorate of Oswego county was improper in form and did not permit the duly qualified voters of the party in Oswego county full and free opportunity to express their free will and choice in the election of candidates for party positions.

In so far as this proceeding is concerned the primary ballot reads as follows:

## CANDIDATES FOR THE PARTY POSITION
## OF STATE COMMITTEEMAN

MEMBER OF STATE COMMITTEE

{ vote for one }
{ Male }

3. JOHN F. OTIS

4. RICHARD CAVELLIER

MEMBER OF STATE COMMITTEE

{ vote for one }
{ Female }

5. GERTRUDE M. JOHNSTON

It is conceded at the outset that by the aforementioned ballot the Democratic voters of Oswego county were restricted, constrained and compelled to vote for one male and one female representative of the Democratic State committee in that Assembly district.

The question now arises as to whether or not such restriction, constraint and compulsion constituted a violation of the constitutional rights of the voters.

In answer thereto respondents cite section 11 of the Election Law and claim that it provides for equal representation of sexes from each unit of its organization in the Democratic party.

Section 108 of the Election Law provides that the form of ballot to be used in primary elections shall be as follows:

| | | | MEMBERS OF COUNTY COMMITTEE (vote for two) | |
|---|---|---|---|---|
| | | 38 | WILLIAM HIGGS | |
| | | | MARY SMITH | |
| | | 39 | JERRY COLLINS | |
| | | | HOSEA CLARK | |
| | | | | |
| | | | | |

Subdivision 1 of section 108 of the Election Law as amended in 1935, reads as follows: " To vote for any candidate whose name is printed on this ballot make a cross X mark in the voting space at the left of the name, or to vote a straight ticket for all candidates whose names are printed on this ballot within a group for a party position you may make a cross X mark within the circle below the title of the party position."

Subdivision 6 of the same section, as amended in 1935, reads as follows: " Except that where two or more candidates are to be elected to a party position, the names of candidates designated by each petition shall be grouped, with a blank space five-sixteenths of an inch in depth between each group, and each group shall have but one number, which shall be printed opposite the approximate center of the group, followed by a bracket embracing the names in the group. At the head of each such groups of candidates for any party position shall be printed a blank circle half an inch in diameter. Each such circle shall be surrounded by the following instructions, plainly printed: ' For a straight ticket, mark within the circle.' "

It is conceded that the primary ballots submitted to the enrolled voters of the Democratic party in Oswego county on April 2, 1936, did not comply with the provisions of section 108 of the Election Law.

Regardless of the provisions of the Election Law of the State of New York, I am convinced that the Democratic electorate of Oswego county were deprived of their constitutional rights both State and National in being constrained and compelled to vote for one male and one female. Any American citizen should have the right to vote as his conscience dictates on the selection of party membership restrained only by the provisions of the Federal and State Constitutions.

The State and Federal Constitutions provide in substance that no citizen of this or any other State shall be disfranchised unless by the law of the land or the judgment of his peers. The word "male" was eliminated from article II of the State Constitution which defines the qualifications of voters and article XIX was added to the Federal Constitution for the purpose of wiping out all distinction between sexes so far as voting and qualifications for office of public trust are concerned. (*Matter of Burton* v. *Schmidt*, 128 Misc. 270.)

It is, therefore, clear that the Legislature of this State or any other State cannot prescribe methods of conducting elections in such a manner as to disfranchise constitutionally qualified electors, and any system that prevents duly qualified electors from voting for the candidate of his or her choice, regardless of sex, violates both the State and Federal Constitutions.

I, therefore, determine that the certificates of election issued to John F. Otis and Gertrude M. Johnston by the commissioners of election of the county of Oswego are null and void.

Order may be entered accordingly.