In the Matter of the Application of ANN ALEXANDER and JAMES V. LIONE, Petitioners, against S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, and GERTRUDE KLUBER, Respondents.

Supreme Court, Queens County, September 8, 1938.

*Joseph M. Conroy*, for the petitioners.

*Ruth Dexter*, for the respondent Gertrude Kluber.

CUFF, J. Application to reinstate designating petitions which have been declared invalid by the board of elections. The petitions are valid in every respect except that they do not conform to a rule of the State committee of the Republican party in this State. The party position to be filled is " Member of the State Committee of the Republican Party for the 3rd Assembly District, Queens County." The unit of representation on the State committee is the Assembly district. The party rules allot two representatives to each Assembly district. These candidates are chosen by the enrolled voters of the Assembly district of the party that they represent at the primary election. When the right to vote was extended to women in this State, the political parties sought to bring to women equal representation on State committees. Up to that time each Assembly district had one member on the State committee. The purpose of increasing the number to two was to have one woman and one man from each Assembly district on the State committee. Thereafter the State committee of the two major parties (if the other parties took similar action, the court is not informed) passed rules requiring that the representation from each Assembly district be divided equally between the sexes.

With four candidates and sometimes more running for the two places to be filled it happened that two men often received the highest number of the votes cast. This unlooked-for situation greatly confused the State committees. It was realized that to unseat a person who had received the greater number of votes at an election merely because of a rule of the party would very likely not be sustained by the courts. This predicament prompted the enactment of section 11 of the Election Law which authorizes each State committee of the political parties " to make its own rules as to the number of its members, the units of representation from which its members shall be elected, and may provide for equal representation of sexes from each unit." That statute further provides that in the event that a rule giving equal representation to the sexes is adopted by the State committee " the designating petition and the primary ballots shall carry such party positions separately by sexes." The objection to these designating petitions before the board of elections was that there is a failure to label the candidates as to sexes in violation of section 11 aforesaid and the party rule adopted under its authority. The board sustained that objection and rejected the petitions. On this motion to reinstate the petitions the moving party urges the unconstitutionality of section 11 and cites authorities. I, too, doubt that the Legislature has the power to authorize a rule that would deprive a person of a party position, after he had received more votes at the primary election than another, merely because of the sex of that person. Nor do I think that the Legislature has the power to tell voters that they cannot vote for certain persons because of their sex. I am satisfied, however, that the law-making body possesses the power to require that names on designating petitions and ballots be arranged in such a way as to clearly define which of the candidates are women and which are men; that is particularly so where, as in this instance the voter may vote for two or more candidates to be elected at the election for the same office or party position. This only gives the voter information to which he or she is entitled, viz., the sex of the candidate. Section 11 of the Election Law, in so far as it authorizes the separation of designees and candidates " by sexes," is a proper exercise of legislative power not inconsistent with constitutional provisions treating with suffrage and the right to hold office, especially when it is considered that given names of men and women are not always clearly indicative of sex. The board of elections is sustained. This application is denied.