Per Curiam.

On June 17, 1966, when this proceeding was begun, there was only one petition filed which designated a candidate for the Democratic primary for the office of Assemblyman from the 112th Assembly District. The time for filing any other such designating petition — or a petition for “ an opportunity to write in the name of a candidate ” — having expired (Election Law, §§ 143, 148, 314 [L. 1966, ch. 106]), there was to be no balloting for the aforesaid office at the primary election and, accordingly, the Democratic nominee had, in truth and fact, been selected (Election Law, § 149).
The petitioner by this proceeding seeks to establish that the nomination has been improperly invalidated by the Secretary of State. Subdivision 2 of section 330 of the Election Law expressly authorizes the petitioner, as Chairman of the Democratic County Committee, to apply for appropriate relief from irregularities in a nomination.
It appears that the defect as to the candidate’s name on the designating petition was a typographical error and those who signed the petition were not deceived about the identity of the person whose candidacy they were proposing. Under these-circumstances, the error is not fatal and the petitioner is entitled to seek correction nunc pro tunc. (See Matter of Tricario v. Power, 13 N Y 2d 886.) As for the fact that the declination was timely filed but tardily acknowledged, in the absence of any possibility of fraud, the court at Special Term was eminently justified in directing that the declination be amended nunc pro tunc so as to be in proper form. (Cf. Matter of Battista v. Power, 10 N Y 2d 867.)
*268 The order of the Appellate Division should be reversed, without costs, and the order of Special Term reinstated.
Chief Judge Desmond and Judges Fuld, Van Vooehis, Bueke, Scileppi, Beegan and Keating concur.
Order reversed, etc.