■    In the Matter of WILLIAM R. MURRAY, Appellant v. VICTOR LORD et al., Respondents.— Judgment unanimously affirmed, without costs.    Memorandum: We concur in Special Term's dismissal of the petition "upon the ground that the proceeding is time barred" (*Matter of Novak* v. *Nash*, 40 A D 2d 728, affd. 31 N Y 2d 710; *Matter of Van Lengen* v. *Balabanian*, 26 A D 2d 622, affd. 17 N Y 2d 920).    Petitioner seeks to secure a subdivision (2) of section 330 of the Election Law determination by the use of an article 78 proceeding. The Court of Appeals has expressly stated that article 78 may not be used as a substitute for section 330 of the Election Law after that section's time limitation has expired, as is the case in the instant proceeding.    This principle was succintly stated in the following statement from *Matter of Mansfield* v. *Epstein* (5 N Y 2d 70; 74): "There is no question that the Supreme Court has summary jurisdiction of proceedings brought under section 330 of the Election Law, but in election cases a court may only exercise the powers granted to it within the framework of the procedures prescribed by the statute.    Under these circumstances, Special Term, having no proceeding before it brought pursuant to section 330 of the Election Law, was powerless to initiate a proceeding or treat the article 78 proceeding as such after the expiration of the limitation period."    Although not legally determinative of the issue before us, we note that the Special Term determination has the merit of not disenfranchising the voters who cast their ballots for the slate of delegates who unanimously nominated respondent Staley.    (Appeal from judgment of Albany Special Term in article 78 proceeding to invalidate nomination, transferred from Appellate Division, Third Judicial Department.)    Present — Marsh, P. J., Witmer, Cardamone, Goldman, Del Vecchio, JJ. (Order entered October 14, 1974.)

■    THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. BERNARD HATCH, Defendant.— Motion for change of venue denied.    Memorandum: We conclude that petitioner-defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Oneida County (CPL 230.20, subd. 2).    If it develops during the *voir dire* that a fair and impartial jury cannot be drawn an appropriate application may then be made.    The relief requested in the application before us now is premature (see *People* v. *DiPiazza*, 24 N Y 2d 342; *People* v. *Sekou*, 45 A D 2d 982).    Present — Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. JOSEPH FAGNANI, Defendant.— Motion for change of venue denied.    Memorandum: On this application it does not appear that a fair jury trial cannot be obtained upon a trial in Oswego County, and at this time we deem the motion premature.    (See *People* v. *DiPiazza*, 24 N Y 2d 342; *People* v. *Sekou*, 45 A D 2d 982.)    Present — Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

## (October 24, 1974)

■    MICHAEL NICOTRA et al., Respondents, v. STATE OF NEW YORK, Appellant.    Appeal dismissed, without costs, upon stipulation.    (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.)    Present — Marsh, P. J., Cardamone, Simons, Goldman, and Del Vecchio, JJ.