### (September 29, 1975)

◼ In the Matter of THERESA B. COOKE et al., Appellants, v THOMAS F. DONOHUE et al., Constituting the Board of Elections of the County of Albany, Respondents, and FRANCIS QUACKENBUSH, Appellant.—Cross appeals from a judgment of the Supreme Court at Special Term, entered September 5, 1975 in Albany County, in a proceeding pursuant to section 330 of the Election Law, which denied petitioners' application for, among other things, a declaration that the petition designating them as candidates of the Liberal Party for the offices of County Executive and County Comptroller, respectively, of Albany County, is valid. Petitioners, who are not enrolled members of the Liberal Party, have secured authorization from the State Executive Committee of the Liberal Party to run as that party's candidates for the offices of County Executive and County Comptroller, respectively, of Albany County (Election Law, § 137, subd 4). Approval from the State committee rather than the county committee was sought because respondent, Board of Elections had, in 1974, accepted sufficient unacknowledged declinations from proposed Liberal Party county committeemen which apparently foreclosed the possibility of a duly constituted county committee. (Election Law, § 12, subd 2). Respondent Board of Elections refused to accept petitioners' designating petition contending that its 1974 acceptance of declinations was unauthorized, that therefore a county committee duly existed, and that petitioners should have obtained the county

committee's rather than the State committee's authorization to appear on the ballot on the Liberal Party line. Special Term agreed with these contentions and the present appeal ensued. Even assuming that the acceptance by the respondent Board of Elections of the unacknowledged declinations was unauthorized and that, therefore, a valid county committee existed, it is undisputed that this committee never officially organized (Election Law, § 12, subd 2; § 15, subd 1). Pursuant to the rules and regulations of the State Liberal Party the State committee or the State executive committee may authorize the designation of a person as a candidate for any office who is not an enrolled member of the Liberal Party whenever "no county committee of the Liberal Party is organized or exists". Here, since the county committee never officially organized, the petitioners' designations were properly authorized by the State executive committee. Judgment modified, on the law and the facts, without costs, by reversing so much thereof as denied the petition, and petition granted; designating petition, authorization and acceptance, designating petitioners as candidates for nomination by the Liberal Party for the offices of County Executive and County Comptroller, respectively, of Albany County, declared valid and Board of Elections directed to place names of petitioners upon Liberal Party ballots and voting machines as candidates to be voted on for said offices at the general election to be held on November 4, 1975. Greenblott, Kane, Koreman and Main, JJ., concur; Herlihy, P. J., concurs in the result in the following memorandum. Herlihy, P. J. (concurring in the result). If a proper objection to the declinations had been timely made following the 1974 primary election, Special Term could have exercised its discretion and allowed an amendment to these declinations nunc pro tunc (Matter of Carson v Lomenzo, 18 NY2d 263, 267). Timely objections, however, were not filed. Therefore, in this proceeding the disputed declinations, although not properly acknowledged, must be considered to be valid. It is now too late to attempt to mount a collateral attack as to the form of these declinations. (Matter of Murray v Lord, 46 AD2d 721, affd 35 NY2d 737.) While a list of the Liberal Party committeemen was published, there is no evidence in the record to show that there was a proper certification of the disputed committeemen.