State Police and thus assist the police in their investigations of criminal activity *(Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 117-118; *Matter of Langert v Tenney, supra,* p 588; Public Officers Law, § 87, subd 2, par [e], cl iii). The right of discovery to enable a citizen to obtain information essential for the prosecution of a civil action must be subordinated to the public interest privilege *(Jones v State of New York,* 58 AD2d 736; *Matter of Langert v Tenney, supra).* We conclude, therefore, that it was an abuse of discretion for respondent Justice Boehm to require petitioner Reese to divulge the sources of his information in this matter. (Art 78.) Present—Dillon, P. J., Cardamone, Simons, Hancock, Jr., and Witmer, JJ.

■ In the Matter of JAMES I. MYERS,—Order entered terminating suspension and reinstating petitioner as an attorney and counselor at law. Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.

■ In the Matter of ROBERT V. BOGAN.—Application for reinstatement as an attorney and counselor at law denied. Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.

■ In the Matter of HOWARD H. HALL.—Application for reinstatement as an attorney and counselor at law denied. Present—Dillon, P. J., Schnepp, Callahan, Doerr and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v GERALD WILKES, Defendant.—Motion for change of venue denied. Memorandum: We conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Genesee County (CPL 230.20, subd 2). If it develops during the *voir dire* that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See *People v Di Piazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982, app dsmd 35 NY2d 844.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v RALPH JENNEY, Defendant.—Motion for change of venue denied. Memorandum: We conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Genesee County (CPL 230.20, subd 2). If it develops during the *voir dire* that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See *People v Di Piazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982, app dsmd 35 NY2d 844.)

## (July 13, 1979)

■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of CHARLES L. BOVA, JR., Respondent, v BONNY MAY BEAUTY SALONS, Petitioner.—Determination unanimously confirmed and petition dismissed, without costs. Memorandum: In this proceeding instituted pursuant to section 298 of the Executive Law, petitioner seeks review of an order of the Human Rights Appeal Board affirming a determination of the State Division of Human Rights. After a hearing, the division found that petitioner had discriminated against respondent on the basis of sex by refusing to consider him for employment and, *inter alia,* ordered petitioner to pay respondent an amount based on