■ In the Matter of the Claim of RICHARD KUKLINSKI, Respondent, v SENTRY COMMUNICATIONS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed October 3, 1979, affirming a referee's decision finding that the claimant's accidental injuries of June 18, 1977 arose out of and in the course of his employment. The board found: "based on the evidence and testimony that the accidental injuries were not due solely to intoxication [and that] Claimant had spent the night attending shows at the direction of his employer and he sustained injuries when his car struck a utility pole." There is substantial evidence to sustain the determination of the board. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur; Staley, Jr., J., not taking part.

FOURTH DEPARTMENT, OCTOBER, 1980

(October 24, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v EDWARD H. PARRY, Defendant.—Motion for change of venue denied. Memorandum: we conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Oneida County (CPL 230.20, subd 2). If it develops during the voir dire that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See People v Di Piazza, 24 NY2d 342; People v Hatch, 46 AD2d 721; People v Sekou, 45 AD2d 982, app dsmd 35 NY2d 844.) Present—Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Moule, JJ.