■ CITY OF ROCHESTER, Respondent, v ANGELO CHIARELLA et al., Respondents, and STEPHEN J. SERCU et al., Appellants. — Motions for reargument or, in the alternative, for leave to appeal to the Court of Appeals granted. Present — Hancock, Jr., J. P., Doerr, O'Donnell, Moule and Schnepp, JJ. (Five orders.)

■ In the Matter of ROBERT M. GRIFFEN. — Order entered terminating suspension and reinstating petitioner as an attorney and counselor at law. Present — Dillon, P. J., Hancock, Jr., Callahan, Boomer and Schnepp, JJ.

■ In the Matter of JACK D. SCOTT. — Order entered reinstating petitioner as an attorney and counselor at law. Present — Dillon, P. J., Hancock, Jr., Boomer, O'Donnell and Schnepp, JJ.

■ KENNETH SCIGAJ et al., Appellants, v HARRIS WELDING et al., Respondents. — Motions to dismiss appeal denied; cross motion to permit late filing of notice of appeal denied as academic. Memorandum: Since the several individual actions commenced by plaintiffs were consolidated, they became fused into one action for each of the two sets of plaintiffs. Upon consolidation the action takes on one caption and culminates in one judgment which pronounces the rights of all parties (Siegel, NY Prac, § 127, p 156). We treat the judgment entered December 27, 1983 as dismissing the complaint against all defendants. Therefore, the notice of appeal from said judgment served on all defendants preserves plaintiffs' rights. We add that where actions have been consolidated "costs shall be awarded in the consolidated action as if it had been instituted as a single action, unless the order of consolidation otherwise provides" (CPLR 8104). Present — Dillon, P. J., Doerr, Green, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v LEROY MACKIE, Defendant. — Motion to change venue of trial of indictment from Cayuga County denied. Memorandum: We conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Cayuga County (CPL 230.20, subd 2). If it develops during the *voir dire* that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See *People v DiPiazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982, app dsmd 35 NY2d 844.) Present — Dillon, P. J., Doerr, Green, Moule and Schnepp, JJ. (Order entered July 6, 1984.)