■ JEAN ZACHAREK, Respondent, v ZYGMUND ZACHAREK, Appellant.—Motion for stay denied. Memorandum: The monetary provisions of the judgment are subject to an automatic stay of enforcement pursuant to CPLR 5519 (a) (2). Present—Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ.

■ STATE DIVISION OF HUMAN RIGHTS (MAYMI), Petitioner, v SORRENTO CHEESE Co., INC., Respondent.—Motion granted, order dismissing proceeding vacated; respondent's answer to be filed and served on or before June 10, 1985 and respondent's briefs to be filed and served on or before August 15, 1985. Memorandum: We treat the filing and service by petitioner of a notice of appeal and preargument statement as an irregularity which may be corrected pursuant to CPLR 2001. Present—Dillon, P. J., Doerr, Boomer, O'Donnell and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v LAWRENCE D. PHILLIPS, JR., Defendant.—Motion to change venue of trial indictment from Oswego County denied. Memorandum: We conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Oswego County (CPL 230.20 [2]). If it develops during the voir dire that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. *(See, People v Di Piazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982, *appeal dismissed* 35 NY2d 844.) Present—Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ. (Order entered May 29, 1985.)