■ THE PEOPLE OF THE STATE OF NEW YORK, v WILLIAM OAKES, Defendant.—Motion to change venue of trial of indictment from Jefferson County denied. Memorandum: We conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Jefferson County (CPL 230.20 [2]). If it develops during the voir dire that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See, People v DiPiazza, 24 NY2d 342; People v Hatch, 46 AD2d 721; People v Sekou, 45 AD2d 982, appeal dismissed 35 NY2d 844.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ. (Order entered Sept. 5, 1985.)

■ THE PEOPLE OF THE STATE OF NEW YORK, v DAVID R. FERRINGER, JR., Defendant.—Motion to change venue of trial of indictment from Genesee County denied. Memorandum: We conclude that defendant has not on this application met his

burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Genesee County (CPL 230.20 [2]). If it develops during the voir dire that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. *(See, People v DiPiazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982, *appeal dismissed* 35 NY2d 844.) Present—Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ. (Order entered Sept. 18, 1985.)