■ UNITED STATES STEEL CORP., Appellant-Respondent, v FRANK ARCHER et al., Respondents-Appellants.—Motion to reinstate appeal denied. Memorandum: This appeal was deemed abandoned for failure to comply with the rule requiring appeals to be perfected within nine months (22 NYCRR 1000.3 [b] [2]). The notice of appeal was filed June 10, 1986. The record on appeal was not presented for filing until March 20, 1987, 10 days after expiration of the nine-month period, and the briefs have never been presented for filing. As the rule is self-executing, the record was not accepted. Appellant's motion for an order relieving it of the abandonment is denied because appellant failed to submit an affidavit justifying the delay and showing merit to the appeal (22 NYCRR 1000.3 [b] [2]). Present—Dillon, P. J., Doerr, Denman, Pine and Davis, JJ.

■ In the Matter of ELIZABETH D.—Motion to be relieved of abandonment denied with leave to renew upon compliance with rule 1000.3 (b) (2) (22 NYCRR; *see, United States Steel Corp. v Archer,* 130 AD2d 980).

■ THE PEOPLE OF THE STATE OF NEW YORK v WILLIAM OAKES, Defendant.—Motion to change venue of trial of indictment from Jefferson County denied. Memorandum: We conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Jefferson County (CPL 230.20 [2]). If it develops during the voir dire that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. *(See, People v DiPiazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982, *appeal dismissed* 35 NY2d 844.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.