OPINION OF THE COURT
Robert S. Rose, J.
In June of 1996, petitioners circulated designating petitions by which they sought to qualify as candidates for the office of member of the Republican County Committee in various election districts in Tioga County to be elected at the primary election to be held in just over two weeks on September 10, 1996. When respondent Board of Elections declared certain other candidates to be the unopposed winners because there were no other candidates of the same sex running for those positions and invalidated petitioners’ designating petitions, petitioners commenced what they have styled as a CPLR article 78 proceeding to obtain judicial review by means of an order to show cause dated August 16, 1996.
In their initial request for relief nullifying respondent Board’s declaration that some candidates won positions because there were no other female contenders for those positions, petitioners first note that section 2 of the rules and regulations or bylaws of the Republican Party in Tioga County provides: "A. The Republican County Committee shall consist of two members from each election district with preference given to one man and one woman in each district, but to allow two men or two women in a district.” In challenging respondent’s interpretation of this provision, petitioners contend that varying numbers of candidates filed designating petitions and qualified as candidates in each election district. In some districts there were candidates of only one gender, in other districts there were candidates of both genders, and in still other districts there were more than one candidate of one gender and only one candidate of the other gender.
The parties agree that respondent Board of Elections interpreted the rules of the Republican County Committee to mean that when only one candidate of a particular gender duly qualified in an election district, then that individual was to be declared the unopposed winner of one of the two committee member offices in that district. Only when there were multiple candidates of each gender in such a district were all their names to be placed on the ballot for election on September 10, 1996.
*734 Petitioners concede that they were advised of this interpretation of the party’s rules at the August 5, 1996 ballot-position drawing conducted at respondents’ offices. Petitioners complain that respondents have improperly failed to allow an open contest between all candidates, regardless of gender, for the two Republican County Committee positions in each of the affected election districts, and contend that the language of the rules and regulations was not intended to prohibit two members of the same sex from holding committee positions in the same district. Petitioners further assert that the respondents’ action is unconstitutionally discriminatory, and that no candidate should be declared the winner of an office of committee member in any election district by virtue of being the only qualified candidate of his or her gender.
In their "second cause of action”, petitioners allege that respondent Board improperly considered objections to their designating petitions which had been filed by respondent Neil C. Hall, Jr. because he had not been a resident of their respective election districts. They assert that respondent erroneously upheld these objections and invalidated their petitions on July 19, 1996. Following respondent’s decision, petitioners John L. Checchia and John K. Malia filed their own objections to the petitions of various candidates in election districts where petitioners admittedly did not reside. These objections were rejected by respondent Board of Elections on July 25, 1996, on the ground that Election Law § 6-154 (2) provides that objections may only be filed by a voter enrolled to vote for such party position.
Petitioners concede that Checchia and Malia[1] did not reside in the election districts which were the subject of their objections, but now argue that the prior ruling of respondent Board of Elections based on the objections of respondent Hall should also be voided because he too did not reside in the election districts which were the subject of his objections. Petitioners contend that Hall’s objections were void from the outset and did not confer jurisdiction on respondent Board of Elections to invalidate their petitions. They urge that they should now be qualified as candidates and their names should be placed on the ballot submitted to the voters at the primary election on September 10, 1996.
At the heart of petitioners’ argument that respondent Board effectively discriminated on the basis of gender is their *735 contention that the Board misinterpreted the County Committee’s rules. However, the court finds the Board’s interpretation that a "preference” is to be given to the election of one man and one woman in each district to be reasonable, and that petitioners’ suggested interpretation would contradict the clear intent and meaning of these rules.
The rules provide that if there are candidates of both genders, then one of the two committee seats is to be occupied by a man and one by a woman, so that each gender is represented. In the situation where all candidates are of the same gender, then the rules concededly "allow two men or two women in a district”. However, in situations such as are presented in this application, the respondent Board of Elections has reasonably interpreted the rules of the Republican County Committee to provide that preference should be given to one man and one woman in each district by declaring the sole candidate of a particular gender as the winner of one seat and requiring the remaining opposite-gender candidates to be voted upon at the primary election. Certainly, as respondents argue, the term "preference” would have no meaning if a woman could be defeated by two men each receiving more votes.
Not only does this reading ensure equal representation of gender on the County Committee, certainly an admirable goal, but it also reflects the makeup of the State committees permitted to each party by the provisions of Election Law § 2-102. This statute expressly permits equal representation of the sexes on the State committees, and at least one reviewing court has upheld an Election Board’s declaration that a female had won the committee membership despite the fact that two male candidates had received greater numbers of votes (see, Levine v Millspaugh, 13 Misc 2d 760).[2]
With regard to the second contention that respondent Board of Elections lacked jurisdiction to act upon the objections of respondent Hall because he was a nonresident and, therefore, not enrolled to vote for such party positions, it is clear that Election Law § 16-102 (2) requires that any proceedings with respect to such a petition shall be instituted within *736 14 days after the last day to file petitions, or within three business days after respondent Board made its determination, whichever is later. Petitioners are beyond these time limitations for there is no dispute that their application for review of the Board’s action was filed nearly one month after their petitions were invalidated. Petitioners’ attempt to avoid this time limitation by utilizing an article 78 proceeding (see, Matter of Murray v Lord, 46 AD2d 721, affd 35 NY2d 737) and by arguing that respondent Board exceeded its authority in reviewing invalid objections is unpersuasive.[3] The court finds that the statutory limitation period applies and now prevents this court from hearing their application.
However, even if the court were to consider estopping respondents from relying upon the applicable Statute of Limitations, such equitable relief would not be available to petitioners because they do not come before the court with clean hands. If petitioners had genuinely been concerned that improper objections were being upheld by respondent Board, they should have applied for judicial review as soon as they learned of the Board’s action upon the objections of respondent Hall. Instead, they filed their own improper out-of-district objections and then waited to see if they too would be upheld. Petitioners are only complaining now because they did not get away with the same maneuver. Thus, the court finds their efforts to now be too little as well as too late.
Accordingly, the petition is denied in all respects.

. And one other objector who is not a party to this action.

. While some early reported cases have stated that the statute does'not approve party rules permitting election of a person solely due to his or her sex, those older cases considered different party rules than that presented here and involved circumstances where the electorate was being compelled to vote for one male and one female (see, Matter of Bacon v Schmieding, 138 Misc 464; Matter of Cavellier, 159 Misc 212; Matter of Alexander v Cohen, 169 Misc 151, revd 255 App Div 721).

. The court also finds nothing in the Federal court’s holding in Rockefeller v Powers (917 F Supp 155 [ED NY 1996], affd 78 F3d 44 [2d Cir 1996]), which found that New York’s primary ballot access requirements unduly burdened the electorate’s right to vote, to support petitioner’s contention that the time restriction upon judicial review imposed by Election Law § 16-102 is similarly burdensome on the right to vote.