■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH BREZEE, Appellant. — Judgment unanimously affirmed. Counsel's application to withdraw granted (see *People v Crawford*, 71 AD2d 38). (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — arson, third degree.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Boomer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SARAH ANN GREER, Appellant. — Judgment, insofar as it imposes sentence, unanimously vacated and defendant remanded for resentence, and, otherwise, judgment affirmed, in accordance with the following memorandum: Defendant was improperly sentenced as a second felony offender because the conviction on which this offense was predicated occurred after the commission of the crime for which this sentence was imposed (Penal Law, § 70.06, subd 1, par [b], cl [ii]). (Appeal from judgment of Monroe County Court, Celli, J. — grand larceny, third degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule JJ.

■ In the Matter of JAMES E. CROTTY. — Order entered terminating suspension and reinstating petitioner as an attorney and counselor at law. Present — Dillon, P. J., Simons, Hancock, Jr., Boomer and Schnepp, JJ. (Order entered Jan. 25, 1982.)

■ In the Matter of DINAH R. ROSENBLATT. — Application for reinstatement as an attorney and counselor at law denied. Present — Simons, J. P., Hancock, Jr., Doerr, Boomer and Schnepp, JJ. (Order entered Jan. 25, 1982.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v HARRY BARNES, Defendant. — Motion to change venue of trial of indictment from Steuben County denied. Memorandum: We conclude that defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Steuben County (CPL 230.20, subd 2). If it develops during the *voir dire* that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See *People v Di Piazza*, 24 NY2d 342; *People v Hatch*, 46 AD2d 721; *People v Sekou*, 45 AD2d 982, app dsmd 35 NY2d 844.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Boomer, JJ.