■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID VELAZQUEZ, Appellant.

While the defendant, in his knowing and voluntary guilty plea to second degree murder, waived the right to appeal the determination denying suppression, we need not reach the question of the validity of such waiver.

In its determination with respect to suppression, Supreme Court stated: "I find that the evidence, physical evidence, is properly admissible on the trial and that there is no violation of the constitutional rights of the Defendant Thornton or Velazquez with respect to either the statements or of the physical evidence."

Defendant and a classmate James Thornton entered a delicatessen where defendant had previously worked. Defendant held a counterman while the classmate stabbed him with a knife provided by the defendant. They then stole jewelry and money from the victim and looted the cash register.

The denial of suppression was based on the specific consent of the defendant's mother, in whose apartment he lived, that the police enter the apartment and her failure to object to their entering his room. Concur—Kupferman, J. P., Ross and Rosenberger, JJ.

Kassal and Smith, JJ., concur in part and dissent in part in a memorandum by Smith, J., as follows: I agree with the majority that this record demonstrates that defendant knowingly and voluntarily pleaded guilty to second degree murder and that there is no basis in the record before us for vacating that conviction. I would make it clear, however, that the defense and prosecution cannot, even by agreement, oust this court from jurisdiction to review any determination on a motion to suppress evidence and would permit an appeal of the decision on the motion to suppress. Here we do not have the situation where a defendant waives a suppression hearing before it commences or waives a completion of the hearing or waives a determination by the court. Only after a decision was made did the prosecution demand and the defendant agree to waive his right to appeal the decision of the suppression motion. Since the defendant pleaded to the top count of the indictment, the People did not have to consent to the plea. (See, CPL 220.10 [2].) The defendant agreed to waive his right to appeal based upon the prosecution's agreement to recommend a minimum sentence of 15 years to life rather than a higher minimum, somewhere between 15 and 25 years.

The cases of *People v Williams* (36 NY2d 829, *cert denied* 423 US 873 [1975]) and *People v Esajerre* (35 NY2d 463 [1974]), relied on by the prosecution, do not support a waiver of the right to appeal an adverse determination of the suppression decision. In *Williams*, prior to the entry of the plea, the prosecution stressed its readiness and ability to go to trial at that time and the consequent difficulties of obtaining witnesses if there were a reversal of the suppression determination on appeal. The Court of Appeals approved the waiver "[i]n the circumstances of this case" (36 NY2d, *supra*, at 829). In *Esajerre*, the waiver of the right to appeal took place prior to any determination on the motion to suppress.

I would strike the waiver of the right to appeal from the plea bargain, hold the appeal in abeyance and give both sides an opportunity to brief any issues raised by the suppression hearing.