■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY N. KORONA, Appellant. [603 NYS2d 88] —Mahoney, J. Appeals (1) from a judgment of the County Court of Montgomery County (Aison, J.), rendered November 9, 1990, upon a verdict convicting defendant of the crime of criminal sale of a con-

trolled substance in the third degree, and (2) from a judgment of said court, rendered November 9, 1990, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was the subject of two separate indictments dated December 11, 1989 charging him with, *inter alia,* various counts of criminal possession and sale of a controlled substance in the third degree. The first indictment, No. 136-89, was against defendant alone; the second, No. 134-89, was against defendant and another and proceeded upon an acting in concert or accomplice theory. Following a jury trial on the first indictment, defendant was convicted of criminal sale of a controlled substance in the third degree. On the day sentencing was scheduled to occur relative to that conviction, defendant entered a plea of guilty to criminal possession of a controlled substance in the third degree in full satisfaction of the charges contained in the second indictment. As part of his plea agreement, defendant expressly waived his rights to appeal from the convictions arising from *both* indictments. He subsequently was sentenced on both convictions to concurrent indeterminate prison terms of 6 to 18 years. Claiming errors in the denial of certain pretrial motions in connection with both indictments, alleged proof defects in the trial of the first indictment and asserting that the sentences imposed were excessive, defendant now appeals.

In our view, defendant's express waiver of the right to appeal both judgments of conviction is valid and enforceable and precludes our consideration of most of the arguments advanced. It is now well settled that a defendant ordinarily may waive his or her right to appeal as part of a negotiated plea as long as the waiver is knowingly and voluntarily made *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). While the waiver in this case is slightly different from most in that defendant waived appellate review not only of the guilty plea conviction but also of his prior jury trial conviction, in view of the announced lack of "affirmative public policy to be served in fostering appeals or prohibiting their waiver" *(People v Seaberg, supra,* at 8) combined with the strong public policy of encouraging "a prompt resolution of criminal proceedings with all the benefits that enure from final disposition" *(supra,* at 7), we see nothing offensive, constitutionally, statutorily or policywise, in permitting a defendant to waive rights to appeal in more than one conviction as part of a negotiated plea in situations such as this where the criminal proceedings are so closely connected.

Nor is there any merit to defendant's claim that the waiver of his rights to appeal were not knowingly, voluntarily and intelligently made or that the waiver was unreasonable or inappropriate under the circumstances. Defendant was 29 years old at the time of the plea, articulate and no stranger to the criminal justice system. A review of the record reveals that County Court informed defendant *twice* that one of the consequences of his plea would be waiver of his right to appeal both the guilty plea conviction and the jury trial conviction, stating at one point prior to taking the plea, "Of course you realize that this will be a final sentence in terms of your waiving your right to appeal? You will not be able to appeal the judgments of this court in connection with both Indictment 134-89 and 136-89." When asked if he understood these terms, defendant responded, "Yeah", and the following colloquy ensued:

"THE COURT: So is everything out in the open?

"DEFENDANT: Uh-hum.

"THE COURT: Uh-hum means yes?

"DEFENDANT: Yes.

"THE COURT: No hidden or secret agreements?

"DEFENDANT: Nope."

Moreover, upon review, we are satisfied that defendant's relinquishment of his rights to appeal both convictions was neither unfair nor oppressive. Significantly, there is absolutely no hint that defining the scope of the right to appeal waiver to include the prior jury trial conviction was designed to conceal error or misconduct which occurred during that trial. This is confirmed by our review of the trial transcript. Rather, it is apparent from a reading of defendant's comments during the pre-plea discussion that the plea was the direct result of defendant's knowledge that the same evidence used against him in the trial on the first indictment would be used in the trial on the second and his desire to minimize his jail time by obtaining concurrent sentences.

Finally, while cognizant that certain appellate arguments can be reviewed despite the existence of an enforceable, bargained-for waiver of the right to appeal *(see, e.g., People v Callahan, supra; People v Seaberg, supra; cf., People v Gerber,* 182 AD2d 252, *lv denied* 80 NY2d 1026), defendant's arguments regarding whether certain of the jury's findings accorded with the weight of the evidence and whether the court abused its discretion in imposing the sentences do not fall within that category *(see, People v Callahan, supra; People v*

*Baker,* 195 AD2d 700). While it is not clear from a reading of the record whether defendant was informed that waiver of the right to appeal included pretrial proceedings *(compare, People v Darling,* 183 AD2d 950, *lv denied* 80 NY2d 902), we have reviewed defendant's contentions in this regard (namely, that denial of his pretrial motion to dismiss both indictments for failure to comply with CPL 190.50 [5] [a] was erroneous as was denial of his motion for sanctions for the prosecution's alleged nondisclosure), and find them to be without merit.

Mikoll, J. P., Mercure, Cardona and Casey, JJ., concur. Ordered that the judgments are affirmed.