■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC GOVAN, Appellant. [605 NYS2d 555] —White, J. Appeals (1) from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered August 28, 1989, upon a verdict convicting defendant of the crimes of rape in the third degree, sodomy in the third degree (two counts) and endangering the welfare of a child (two counts), (2) from a judgment of said court, rendered August 28, 1989, convicting defendant upon his plea of guilty of the crimes of rape in the third degree (three counts) and sodomy in the third degree (six counts), and (3) by permission, from an order of said court, entered September 17, 1992, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgments of conviction, without a hearing.

In 1988, a Grand Jury returned indictment Nos. 988-66 and 988-86 against defendant. Following the denial of his motion to dismiss indictment No. 988-86, defendant proceeded to trial on indictment No. 988-66 which resulted in his conviction of the crimes of rape in the third degree, sodomy in the third degree (two counts) and endangering the welfare of a child (two counts). Instead of proceeding to trial on indictment No. 988-86, defendant entered a guilty plea to several of the charges contained therein. As part of the plea agreement, defendant waived any rights of appeal he might have had

with respect to both convictions. In May 1992 County Court, without a hearing, denied defendant's motion pursuant to CPL 440.10 to vacate the judgments. These appeals ensued.

We have recently held that there is nothing offensive, constitutionally, statutorily or as a matter of policy, in permitting a defendant to waive rights to appeal from judgments of more than one conviction as part of a negotiated plea in situations such as this where the criminal proceedings are closely connected (see, People v Korona, 197 AD2d 788). However, to be effective the waiver must have been knowingly and voluntarily made (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1).

Here, County Court engaged in an extensive colloquy with defendant regarding the waiver of his right to appeal from both his guilty plea conviction and jury trial conviction. In response to the court's inquiries, defendant indicated that he was knowingly and intelligently waiving his right to appeal and that he was doing so after a lengthy conference with his attorney. At the conclusion of the plea proceedings, defendant again confirmed his understanding that his waiver applied to both convictions. In view of this record, we are satisfied that defendant's waiver was knowingly and intelligently made. As a consequence, we are precluded from considering the arguments he advances on his appeals from the judgments of conviction because they do not fall within the categories of claims that survive a waiver of the right to appeal (see, People v Seaberg, supra, at 9). Moreover, our review of the record discloses that the waiver was not designed to conceal error or prosecutorial overreaching. Hence, we affirm the judgments of conviction.

We also affirm County Court's denial of defendant's CPL 440.10 motion as the issues raised therein were raised and determined on the merits by County Court on defendant's motion to dismiss indictment No. 988-86 (see, CPL 440.10 [3] [b]).

Weiss, P. J., Crew III, Cardona and Casey, JJ., concur. Ordered that the judgments and order are affirmed.