■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EURALDO MOQUETTE, Appellant. [606 NYS2d 820] —White, J. Appeal from a judgment of the County Court of Schenectady County (Aison, J.), rendered April 16, 1991, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Despite being sentenced in accordance with the terms of a plea bargain, defendant is claiming that he should be resentenced because when it sentenced him County Court allegedly relied on inaccurate and prejudicial statements contained in the presentence investigation report. Inasmuch as defendant is not challenging the legality of the sentence, this appeal is precluded by his waiver of his right to appeal which we find was knowingly and voluntarily made *(see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1, 9; *People v Govan,* 199 AD2d 815; *People v Korona,* 197 AD2d 788). Additionally, this appeal is foreclosed by defendant's failure to object at the time of sentencing *(see, People v De Torres,* 96 AD2d 609). Were we to reach the merits, we would affirm because the allegedly prejudicial information did not induce County Court to retract its promise to impose the sentence contemplated by the plea bargain.

Cardona, P. J., Mikoll, Crew III and Weiss, JJ., concur. Ordered that the judgment is affirmed.