■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RUSSO, Appellant. [607 NYS2d 520] —Judgment affirmed. Memorandum: County Court erred in denying the motion to suppress evidence seized from defendant's bedroom during the execution of a search warrant. Prior to obtaining that warrant, two police officers entered defendant's bedroom and observed items of clothing. Defendant contends that the People had no lawful right to enter his bedroom and that evidence obtained as a result of that unlawful entry should have been suppressed.

At the suppression hearing, the People maintained that

defendant's stepfather, the owner of the residence, consented to the officers' entry into defendant's bedroom. The record of the suppression hearing, however, contains no proof that the stepfather consented to that entry. Permission to speak with defendant, given while downstairs in a common area of the residence, did not amount to consent for entry into defendant's upstairs bedroom (see, People v Flores, 181 AD2d 570, 571). Further, the People failed to establish that the police reasonably relied upon the stepfather's authority to consent to an entry of defendant's bedroom. The fact of ownership, by itself, could not provide a sufficient objective basis for such reasonable reliance where, as here, the bedroom was occupied by a 38-year-old stepson (see, United States v Whitfield, 939 F2d 1071). The officers' knowledge that the stepson was 38 years old, together with the facts that the bedroom door was closed and that the stepfather did not open the door but stood to the side as the officers opened the door and entered, warranted some inquiry by the officers concerning the stepfather's access to, and mutual use of, the stepson's bedroom (see, United States v Whitfield, supra). Absent that inquiry, the officers' reliance upon ownership as the sole basis for authority to invade defendant's privacy was unreasonable.

The People's alternative contention, that suppression was not warranted because information obtained by police prior to, and independent of, the unlawful entry and search constituted probable cause for the issuance of the warrant (see, People v Harris, 62 NY2d 706), is raised for the first time on appeal and has not been preserved for our review (see, People v Dodt, 61 NY2d 408, 416; People v Wilson, 175 AD2d 15, 16, lv denied 78 NY2d 1015).

We conclude, however, that the erroneous admission of the evidence was harmless. Proof of defendant's guilt was overwhelming, and there is no reasonable possibility that the error might have contributed to defendant's conviction (see, People v Crimmins, 36 NY2d 230, 237).

All concur; Denman, P. J., and Boehm, J., concur in result in the following Memorandum.

Denman, P. J., and Boehm, J. (concurring). The majority concludes that defendant's stepfather did not consent, and in fact lacked either actual or apparent authority to consent, to the officers' entry into defendant's bedroom. We respectfully disagree. The record of the suppression hearing demonstrates that the police had probable cause to believe that defendant was guilty of a sexual assault and went to defendant's address to question him. Defendant's stepfather answered the door. In

response to police inquiry, the stepfather, Coles, acknowledged that defendant, his stepson, lived there and identified himself as the owner of the house. The officers testified that they asked Coles whether defendant was home and whether the officers could speak with him. According to the officers, Coles answered "yes" and led them upstairs to a bedroom where defendant was sleeping. Coles testified that the officers asked whether defendant was home; that he responded that he did not know; that the officers asked if they could check; and that he said "yes" and showed the officers where defendant's room was. One of the officers apparently opened the bedroom door but Coles testified that he accompanied the officers into the bedroom. He also testified that the officers subsequently asked him to show them around the house and that he did so.

The sole question is whether the police had the "actual consent of a person having or reasonably appearing to have the requisite degree of access to and control over" defendant's bedroom *(People v Henley,* 53 NY2d 403, 409 [Cooke, Ch J., concurring in part and dissenting in part], citing *People v Adams,* 53 NY2d 1, *cert denied* 454 US 854; *People v Cosme,* 48 NY2d 286; *see generally, Illinois v Rodriguez,* 497 US 177; *People v Gonzalez,* 39 NY2d 122, 128). In light of the testimony at the suppression hearing and the rule that consent may be established by conduct as well as words *(see, People v Satornino,* 153 AD2d 595; *People v Schof,* 136 AD2d 578, 579, *lv denied* 71 NY2d 1033; *People v Davis,* 120 AD2d 606, 606-607, *lv denied* 68 NY2d 769), it is clear to us that the officers' entry into the bedroom was permissible. The record establishes that the officers reasonably relied on at least the apparent authority of Coles, as owner of the house, to consent to the entry, and that he actually, if tacitly, consented to that entry *(see, People v Satornino, supra; People v Velazquez,* 140 AD2d 179, *affd* 73 NY2d 815; *People v Buggs,* 140 AD2d 617; *People v Boccio,* 107 AD2d 816; *People v Moorer,* 58 AD2d 878).

We agree with the majority, however, that, if there were any error, it was harmless beyond a reasonable doubt. (Appeal from Judgment of Erie County Court, McCarthy, J.—Attempted Rape, 1st Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.