■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIWANI BOYKIN, Appellant. [721 NYS2d 299] —Mercure, J. P. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered May 24, 1996, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Upon the trial of an indictment charging two counts of criminal sale of a controlled substance in the third degree, defendant was found guilty of both counts. At a combined sentencing and plea proceeding, defendant was sentenced to two consecutive indeterminate prison terms of 3 to 9 years on the drug sale charges and, in satisfaction of two related indictments and other pending charges, he entered a plea of guilty of criminal possession of a weapon in the third degree. As part of the plea bargain, defendant waived the right to appeal not only the weapon possession conviction based on the plea but also the drug sale conviction based on the verdict at trial. He filed a notice of appeal from the judgment convicting him of the drug sale charges and was thereafter sentenced on the weapon possession charge in accordance with the plea bargain. Assigned counsel now moves to be relieved of the assignment on the ground that there are no nonfrivolous issues.

In the absence of any argument or anything in the record to suggest that defendant's waiver of the right to appeal was not knowingly and voluntarily made or that it was designed to conceal error or prosecutorial overreaching, the waiver is en-

forceable with regard to both judgments of conviction (*see,
People v Govan*, 199 AD2d 815, *lv denied* 83 NY2d 853), includ-
ing the one from which defendant appeals. Accordingly, based
upon our review of the record, we agree with assigned counsel
that there are no nonfrivolous issues. In so concluding, we
have considered the issues raised by defendant in his *pro se*
brief and find that, to the extent they survived defendant's
waiver of the right to appeal (*see, People v Seaberg*, 74 NY2d 1,
9), they have no arguable merit. The judgment is, therefore, af-
firmed and assigned counsel's application for leave to withdraw
is granted (*see, People v Stokes*, 95 NY2d 633; *People v Cruwys*,
113 AD2d 979, *lv denied* 67 NY2d 650).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered
that the judgment is affirmed, and application to be relieved of
assignment granted.