■ The People of the State of New York, Respondent, v Marlek Holmes, Appellant. [740 NYS2d 919] —Appeal from a judgment of Genesee County Court (Noonan, J.), entered June 14, 2000, convicting defendant after a jury trial of, inter alia, sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by amending the permanent order of protection to limit its duration to "three years from the date of the expiration of the maximum term of [the] * * * sentence of imprisonment actually imposed" (CPL 530.13 [4] [ii]), taking into account any jail time credit to which defendant is entitled and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of sexual abuse in the first degree (Penal Law former § 130.65 [1]) and petit larceny (§ 155.25). We reject the contention of defendant that his waiver of the right to appeal is invalid because it was entered in the course of plea proceedings concerning unrelated charges, after defendant had been sentenced and had filed his notice of appeal in this matter. We reject defendant's further contention that County Court no longer had jurisdiction over this matter by the time the waiver was elicited. "[T]here is nothing offensive, constitutionally, statutorily or as a matter of policy, in permitting a defendant to waive rights to appeal from judgments of more than one conviction as part of a negotiated plea in situations such as this" (*People v Govan,* 199 AD2d 815, 816, *lv denied* 83 NY2d 853, citing *People v Korona,* 197 AD2d 788, *lv denied* 82 NY2d 926), irrespective of whether that plea stems from charges "closely connected" (*Govan,* 199 AD2d at 816; *see Korona,* 197 AD2d at 789) to those of which defendant was

found guilty after trial (*see People v Boykin,* 281 AD2d 708). Contrary to the further contention of defendant, his waiver of the right to appeal was knowing and voluntary (*see id.* at 708-709; *Govan,* 199 AD2d at 816; *Korona,* 197 AD2d at 790), and there is no indication on this record that it was elicited in order to "conceal error or prosecutorial overreaching" that occurred at trial (*Boykin,* 281 AD2d at 708; *see Govan,* 199 AD2d at 816; *Korona,* 197 AD2d at 790). To the contrary, the record establishes that the waiver stems from the desire of defendant to "minimize his jail time" and avail himself of a promise of concurrent sentencing (*Korona,* 197 AD2d at 790).

The waiver of the right to appeal encompasses the remaining contentions of defendant, with the exception of his challenge to the order of protection (*see People v Warren,* 280 AD2d 75, 77; *People v Debo,* 234 AD2d 944, 945, *lv denied* 89 NY2d 984). As conceded by the People, the permanent order of protection must be amended by limiting its duration to "three years from the date of the expiration of the maximum term of [the] * * * sentence of imprisonment actually imposed" (CPL 530.13 [4] [ii]), taking into account any jail time credit to which defendant is entitled (*see People v Viehdeffer,* 288 AD2d 860; *People v Harris,* 285 AD2d 980; *People v Christie,* 285 AD2d 980, 981). We therefore modify the judgment accordingly. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.