THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW TURCK, Appellant. [758 NYS2d 895] —Appeal from a judgment of Lewis County Court (McGuire, J.), entered September 7, 2000, convicting defendant after a jury trial of, inter alia, robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), robbery in the second degree (§ 160.10 [1]), and petit larceny (§ 155.25). Contrary to the contention of defendant, his waiver of the right to appeal, entered in connection with the conviction herein and a plea agreement in satisfaction of six indictments and a superior court information, is enforceable. The waiver was knowing and voluntary, and there is no indication that it was elicited in order to "conceal error or prosecutorial overreaching" that occurred at trial (*People v Boykin,* 281 AD2d 708, 708 [2001]; *see People v Holmes,* 294 AD2d 871, 872 [2002], *lv denied* 98 NY2d 730 [2002]). In fact, defendant initiated the waiver of the right to appeal with the

apparent motive to minimize his period of incarceration, and he was in fact sentenced to concurrent terms of incarceration. To the extent that defendant contends that he received ineffective assistance of counsel because defense counsel had defendant waive his right to appeal, that contention is without merit. Defendant received a benefit as a result of the waiver, i.e., a shorter period of incarceration, and thus defendant failed to demonstrate the absence of a strategic or other legitimate explanation for the waiver (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]).

Defendant further contends that defense counsel was ineffective in failing to challenge a prospective juror for cause or to exercise a peremptory challenge with respect to that prospective juror. Even assuming, arguendo, that defendant's contention survives the waiver of the right to appeal, we conclude that it is without merit. Defense counsel's alleged failure in that respect does not by itself constitute ineffective assistance (*see People v Hinton*, 302 AD2d 1008 [2003]). While defense counsel's representation may not have been error-free, the record as a whole establishes that it was meaningful (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Workman*, 277 AD2d 1029, 1032 [2000], *lv denied* 96 NY2d 764 [2001]; *People v Claitt*, 222 AD2d 1038 [1995], *lv denied* 88 NY2d 982 [1996]). County Court did not inform defendant of the potential period of incarceration and thus the waiver of the right to appeal does not encompass defendant's challenge to the severity of the sentence (*see People v Webb*, 299 AD2d 955 [2002], *lv denied* 99 NY2d 565 [2002]; *see generally People v Lococo*, 92 NY2d 825, 827 [1998]). The sentence, however, is neither unduly harsh nor severe. Defendant's remaining contentions do not survive the waiver of the right to appeal (*see People v Govan*, 199 AD2d 815, 816 [1993], *lv denied* 83 NY2d 853 [1994]; *People v Korona*, 197 AD2d 788, 790-791 [1993], *lv denied* 82 NY2d 926 [1994]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.