■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. DICKERSON, Appellant. [766 NYS2d 138] —Carpinello, J. Appeals from a judgment of the County Court of Essex

County (Halloran, J.), rendered December 19, 2000, (1) upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and (2) convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

As part of a joint federal, state and local narcotics investigation, a police informant was "wired" and sent to purchase crack cocaine at a residence in the Town of Ticonderoga, Essex County. The informant entered the home and purchased a quantity of cocaine from defendant while law enforcement officials listened to the radio transmission from a nearby parking lot. Defendant was subsequently indicted on charges of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree based upon this transaction.

Defendant was separately indicted for the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree for possessing "crack" cocaine on another occasion with the intent to sell it. After a jury trial on the charges in the first indictment, defendant was convicted of both counts. Then, pursuant to a plea agreement, defendant entered an *Alford* plea to the charges in the second indictment and waived his right to appeal *both* convictions in exchange for concurrent sentences on both convictions. Defendant was thereafter sentenced to prison terms aggregating 5 to 15 years.

On this appeal, defendant challenges the evidentiary support for the jury verdict, the limitations placed on his cross-examination of two key prosecution witnesses at the trial and the harshness of his sentences. All of these claims, however, were waived when defendant waived his right to appeal both convictions as part of his knowing, intelligent and voluntary plea to the charges in the second indictment (*see People v Callahan,* 80 NY2d 273, 279-280 [1992]; *People v Seaberg,* 74 NY2d 1, 10-11 [1989]; *People v Govan,* 199 AD2d 815, 816 [1993], *lv denied* 83 NY2d 853 [1994]) and are, in any event, unavailing. The evidence adduced at trial, which included the testimony of the police informant, law enforcement officials and an eyewitness establishing that defendant sold a quantity of crack cocaine to the informant, was legally sufficient to support defendant's convictions (*see People v Taylor,* 94 NY2d 910, 911 [2000]; *People v Contes,* 60 NY2d 620, 621 [1983]), and the

resulting verdict was not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]).

Turning to defendant's cross-examination claim, "[t]he scope and extent of cross-examination is committed to the trial court's sound discretion" (*People v Love,* 307 AD2d 528, 531 [2003]; *see People v Mothon,* 284 AD2d 568, 570 [2001], *lv denied* 96 NY2d 865 [2001]) and, in our view, County Court's restrictions on the depth of defendant's cross-examination of the informant and eyewitness on issues of credibility were not an abuse of discretion. Finally, defendant received concurrent sentences for both convictions consistent with the plea bargain and, on this record, we see no extraordinary circumstances warranting a modification in the interest of justice (*see People v Brodus,* 307 AD2d 643, 644 [2003]; *People v Dolphy,* 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]).

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.