THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEEGER S. HAUPT, Appellant. [772 NYS2d 777]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered April 25, 2002. The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, the motion to suppress is granted in part and a new trial is granted in accordance with the following memorandum: County Court erred in denying that part of the motion of defendant to suppress the fruits of a warrantless entry and search of his bedroom by police officers. The evidence at the suppression hearing establishes that defendant's mother consented to the officers' presence in the entryway to the residence. However, "an invitation to enter a dwelling, presumably to answer questions or to find out what the police wanted to inquire about, cannot reasonably be construed as a broad consent for the police to wander at will throughout the entire dwelling" (*People v Flores*, 181 AD2d 570, 571 [1992]; *see People v Russo*, 201 AD2d 940, 941 [1994], *lv denied* 83 NY2d 857 [1994], *cert denied* 513 US 889 [1994]). When the officers asked to speak to defendant, his mother told them that she would go upstairs to wake him; she did not direct them to defendant's bedroom (*cf. People v Kelley*, 220 AD2d 456 [1995], *lv denied* 87 NY2d 922 [1996]; *People v Satornino*, 153 AD2d 595 [1989]). After defendant emerged from his bedroom and agreed to speak with the officers outside, one of the officers followed defendant back into his bedroom while he got dressed. Upon entering the room, the officer seized a pair of blood-stained shorts from defendant's bedroom. On this rec-

ord, we conclude that the People failed to meet their heavy burden of establishing that defendant or his mother voluntarily consented to the officer's entry into defendant's bedroom (*see generally People v Gonzalez*, 39 NY2d 122, 127-128 [1976]; *People v Richardson*, 229 AD2d 316 [1996], *appeal dismissed* 89 NY2d 933 [1997]). "Permission to speak with defendant, given while downstairs in a common area of the residence, did not amount to consent for entry into defendant's upstairs bedroom" (*Russo*, 201 AD2d at 941). Thus, we conclude that the shorts and the statements of defendant to the officers following the illegal entry into his bedroom should have been suppressed (*see People v Milaski*, 62 NY2d 147, 156-157 [1984]). We further conclude that the erroneous admission of that evidence is not harmless beyond a reasonable doubt (*see People v Levan*, 62 NY2d 139, 145 [1984]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Lawton, JJ.