■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEEGER S. HAUPT, Appellant. [791 NYS2d 801]—Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered April 25, 2002. The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of gang assault in the first degree (Penal Law § 120.07) and assault in the second degree (§ 120.05 [1]). After defendant was sentenced and filed his notice of appeal, he waived his right to appeal with respect to the judgment at issue herein as part of a plea agreement concerning an unrelated charge. "The waiver was knowing and voluntary, and there is no indication that it was elicited in order to 'conceal error or prosecutorial overreaching' that occurred at trial" (*People v Turck*, 305 AD2d 1072, 1072 [2003], *lv denied* 100 NY2d 566 [2003], quoting *People v Boykin*, 281 AD2d 708, 708 [2001]). Rather, "the record establishes that the waiver stem[med] from the desire of defendant to 'minimize his jail time' and avail himself of a promise of concurrent sentencing" (*People v Holmes*, 294 AD2d 871, 872 [2002], *lv denied* 98 NY2d 730 [2002], quoting *People v Korona*, 197 AD2d 788, 790 [1993], *lv denied* 82 NY2d 926 [1994]). The waiver of the right to appeal encompasses the challenges by defendant to County Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]) and the severity of the sentence (*see People v Allen*, 82 NY2d 761, 763 [1993]). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ. [*See* 4 AD3d 847 (2004), *mot to vacate order and decision granted* 9 AD3d 920 (2004).]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FINIZIO, Appellant. [790 NYS2d 899]—Appeal from a judgment of the Cayuga County Court (Peter E. Corning, J.), rendered May 22, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.