■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IMRAN A. ALLICK, Appellant. [899 NYS2d 710]—

Appeal from a judgment of the Steuben County Court (Joseph

W. Latham, J.), rendered March 19, 2007. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). After the jury rendered its verdict but prior to sentencing, defendant waived his right to appeal from the judgment in exchange for a promised sentence with respect to the crimes that were the subject of the jury verdict as well as a concurrent sentence with respect to his admission of a violation of probation. "The waiver was knowing and voluntary, and there is no indication that it was elicited in order to 'conceal error or prosecutorial overreaching' that occurred at trial" (*People v Turck*, 305 AD2d 1072, 1072 [2003], *lv denied* 100 NY2d 566 [2003]; *see People v Haupt*, 16 AD3d 1079 [2005], *lv denied* 5 NY3d 763 [2005]). The valid waiver by defendant of the right to appeal encompasses his contentions concerning both the admission in evidence of certain drug records and the weight of the evidence (*see People v Dickerson*, 309 AD2d 966, 967 [2003], *lv denied* 1 NY3d 596 [2004]).

Defendant further contends that he was denied effective assistance of counsel based on defense counsel's failure to object to the admission in evidence of the alleged drug records, and to argue that a key prosecution witness was an accomplice (*see* CPL 60.22 [2]). To the extent that defendant's contention survives the waiver of the right to appeal (*see Turck*, 305 AD2d at 1073), we conclude that it is without merit (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We note at the outset that we reject the assertion of defendant that the loss of the trial exhibit containing the drug records precludes appellate review of his contention that he was denied effective assistance of counsel with respect to the admission in evidence of the trial exhibit. The information in that exhibit may be gleaned from the record, which includes another exhibit that is a photocopy of at least some of the records contained in that missing exhibit, "and there is no dispute with respect to the accuracy of th[e] information" in the missing trial exhibit (*People v Jackson*, 11 AD3d 928, 930 [2004], *lv denied* 3 NY3d 757 [2004]; *see gener-*

*ally People v Yavru-Sakuk*, 98 NY2d 56, 60 [2002]). Thus, we are indeed able to determine whether defense counsel was ineffective in failing to object to the admission of the drug records in evidence, and we conclude that he was not ineffective for failing to do so. "There can be no denial of effective assistance of [defense] counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005]; *see People v Ennis*, 11 NY3d 403, 414-415 [2008], *cert denied* 556 US —, 129 S Ct 2383 [2009]). Here, an objection by defense counsel to the admission of the alleged drug records in evidence would have had little or no chance of success (*see People v Rosario*, 223 AD2d 492, 493 [1996], *lv denied* 88 NY2d 884 [1996]). In addition, an argument by defense counsel that the prosecution witness in question was an accomplice also would have had little or no success. That witness was "[a]n informant acting as an agent of the police without the intent to commit a crime [and thus was] not an accomplice whose testimony require[d] corroboration" (*People v Brown*, 2 AD3d 1423, 1424 [2003], *lv denied* 1 NY3d 625 [2004]; *see People v Thaddies*, 50 AD3d 1249 [2008], *lv denied* 10 NY3d 965 [2008]). Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.