# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**225**

**KA 11-01380**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RICHARD BAILEY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered June 6, 2011. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of two counts of sexual abuse in the first degree (Penal Law § 130.65 [1]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived his right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256). That valid waiver forecloses defendant's challenge to the severity of the sentence (*see id.* at 255; *see generally People v Lococo*, 92 NY2d 825, 827; *People v Hidalgo*, 91 NY2d 733, 737).

In appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict of failing to register internet identifiers as a sex offender (Correction Law §§ 168-f [4]; 168-t). As part of his plea bargain with respect to the conviction that is the subject of appeal No. 1, defendant agreed to waive his right to appeal from the judgment of conviction in appeal No. 2. Thus, defendant's knowing, voluntary, and intelligent waiver of the right to appeal in appeal No. 1 encompassed his right to appeal his conviction in appeal No. 2. That valid waiver forecloses our review of his contention that the verdict is against the weight of the evidence (*see People v Allick*, 72 AD3d 1615, 1616; *People v Dickerson*, 309 AD2d 966, 967, *lv denied* 1 NY3d 596), his challenges to various rulings made by County Court during trial (*see Allick*, 72 AD3d at 1616), his challenges to the

court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833), and his challenge to the severity of the sentence (*see generally Lopez*, 6 NY3d at 255).  Finally, to the extent that defendant contends that the sentence imposed is illegal, that contention survives his valid waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 9).  We conclude, however, that the sentence is legal.

Entered:  April 26, 2013                              Frances E. Cafarell
                                                     Clerk of the Court