# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

153
KA 15-01124
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

NATHAN HULME, DEFENDANT-APPELLANT.

---

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW, FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered February 26, 2015. The judgment convicted defendant, upon a jury verdict, of perjury in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of perjury in the first degree (Penal Law § 210.15). Defendant contends that his postverdict waiver of the right to appeal and his withdrawal of his CPL 330.30 motion should be invalidated as a matter of public policy. We reject that contention. We note that defendant is not challenging the fact that his waiver of the right to appeal was knowing and voluntary (*see People v Allick*, 72 AD3d 1615, 1616; *see generally People v Turck*, 305 AD2d 1072, 1072, *lv denied* 100 NY2d 566); instead, he contends that the waiver is invalid on public policy grounds because it insulates from appellate review the ineffective assistance that he allegedly received in a prior reckless endangerment case, i.e., the case in which he committed perjury. Defendant did not take an appeal from that judgment, however, and the waiver of the right to appeal in the instant case does not preclude such an appeal. Thus, defendant's complaints regarding defense counsel's performance in that prior case are not properly before us. In any event, we conclude that defendant's waiver of the right to appeal in the instant case does not violate public policy inasmuch as "[i]t was his choice to accept a lighter sentence rather than risk the delay and outcome of an appeal or a new trial. Having made his choice, there is no reason for [us] to interfere" (*People v Holman*, 89 NY2d 876, 878). Furthermore, because defendant's waiver of the right to appeal is valid, there is no basis to reinstate his CPL 330.30 motion.

Defendant's remaining contentions, including that the prosecutor's comments during summation deprived him of a fair trial and that his conviction is not supported by legally sufficient evidence, are barred by his valid waiver of the right to appeal (*see generally Allick*, 72 AD3d at 1616; *People v Dickerson*, 309 AD2d 966, 967, *lv denied* 1 NY3d 596).

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court