Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered December 10, 2015. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the third degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the third degree (Penal Law § 155.35 [1]). We agree with defendant that County Court improperly sentenced him as a second felony offender and that the sentence is therefore illegal. We note that the issue of the illegality of his sentence survives his valid waiver of the right to appeal (see People v Bailey, 105 AD3d 1359, 1360 [2013], lv denied 21 NY3d 1040 [2013]).
 

 To qualify as a second felony offense, the sentence for the prior felony conviction must have been imposed before the commission of the present felony {see Penal Law § 70.06 [1] [b] [ii]). Defendant’s present felony conviction arises from the filing of 93 false unemployment certificates, which resulted in defendant unlawfully obtaining more than $10,000 in unemployment benefits during a 32-month period between November 2011 and June 2014. Defendant accepted a plea bargain in which he would waive indictment and plead guilty by superior court information to a single count of grand larceny in the third degree covering the entire 32-month period, in exchange for a sentence to a mandatory indeterminate term of incarceration as a second felony offender, based on two prior felony convictions. We conclude, however, that those two prior felony convictions do not qualify as predicate offenses for second felony offender purposes inasmuch as defendant was sentenced on those predicate felony convictions after he had begun, and while he was still in the midst of committing, the present felony {see § 70.06 [1] [b] [ii]; People v Greer, 86 AD2d 781, 781 [1982]; see also People v Samms, 95 NY2d 52, 58 [2000]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing.
 

 Upon remittal, the court must impose a lawful sentence on defendant as a first felony offender, which may result in a lesser sentence than that bargained for by the People and defendant. “[I]n that event, the court must entertain a motion by the People, should the People be so disposed, to vacate the plea and set aside the conviction in its entirety” (People v Ignatowski, 70 AD3d 1472, 1473 [2010] [internal quotation marks omitted]; see People v Irwin, 166 AD2d 924, 925 [1990]). “Further, should the People be so disposed, they may withdraw their consent to the waiver of indictment” (People v Hamilton, 49 AD3d 1163, 1164-1165 [2008]; see CPL 195.10 [1] [c]).
 

 Present — Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.