FOURTH DEPARTMENT, OCTOBER, 2008

(October 3, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK J. POVOSKI, JR., Appellant. [864 NYS2d 586]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered September 2, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree, forgery in the second degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment of Ontario County Court convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [2] [a]), forgery in the second degree (§ 170.10 [1]) and assault in the second degree (§ 120.05 [6]), defendant challenges the weight and legal sufficiency of the evidence, the court's response to a jury note, and the sentence imposed. Following that conviction, defendant pleaded guilty in Supreme Court, Monroe County, to two separate indictments charging him with various unrelated arson and conspiracy crimes. As a condition of that plea, defendant waived his right to appeal from the Ontario County judgment, and at sentencing he signed a written waiver of the right to appeal in open court. We reject the contention of defendant that the waiver was inef-

fective because it was part of a plea bargain executed in Monroe County affecting a judgment of conviction from another county. " '[T]here is nothing offensive, constitutionally, statutorily or as a matter of policy, in permitting a defendant to waive rights to appeal from judgments of more than one conviction as part of a negotiated plea in situations such as this' " (*People v Holmes,* 294 AD2d 871, 871 [2002], *lv denied* 98 NY2d 730 [2002]; *see also People v Dickerson,* 309 AD2d 966, 967 [2003], *lv denied* 1 NY3d 596 [2004]).

We conclude that defendant's waiver of the right to appeal from the Ontario County judgment was knowing and voluntary (*see generally People v Lopez,* 6 NY3d 248, 256 [2006]). That waiver encompasses all of defendant's challenges to the Ontario County conviction (*see People v Joyner,* 19 AD3d 1129 [2005]; *People v Clark,* 223 AD2d 722 [1996], *lv denied* 90 NY2d 1010 [1997]; *see generally People v Seaberg,* 74 NY2d 1, 7-9 [1989]), with the exception of the challenge by defendant to the sentence on the ground that the court allegedly penalized him for exercising his right to a trial. That challenge "involve[s] a right of constitutional dimension going to the very heart of the process" (*Lopez,* 6 NY3d at 255 [internal quotation marks omitted]). Defendant, however, failed to preserve that challenge for our review (*see People v Hurley,* 75 NY2d 887, 888 [1990]; *People v Gordon,* 45 AD3d 1357 [2007], *lv denied* 10 NY3d 811 [2008]) and, in any event, it lacks merit. " 'The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Irrizarry,* 37 AD3d 1082, 1083 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Smith,* 21 AD3d 1277, 1278 [2005], *lv denied* 7 NY3d 763 [2006]). Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.