(April 23, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL CIPRIANI, Appellant. [876 NYS2d 775]—

Mercure, J.P. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered January 27, 2006, upon a verdict convicting defendant of the crimes of burglary in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree and criminal mischief in the fourth degree.

Defendant was charged in an indictment with burglary in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and criminal mischief in the fourth degree. The charges arose out of an incident in which lottery tickets and several cartons of cigarettes, among other things, were stolen from the Five Corners Coastal gas station in the Town of Rotterdam, Schenectady County. The matter proceeded to a jury trial, at the close of which defendant was convicted as charged.

Prior to sentencing, defendant agreed to plead guilty to an unrelated charge of burglary in the third degree that was pending in the Town of Niskayuna, Schenectady County, and to waive his right to appeal from the instant conviction in exchange for receiving concurrent sentences. County Court sentenced defendant, as a second felony offender, to an aggregate term of 3 to 6 years in prison in connection with his conviction in this case. The court further explained the waiver of the right to appeal to defendant, who then executed a written waiver in open court.* Defendant appeals, and we now affirm.

We reject defendant's arguments that his waiver of the right to appeal in the instant case was not knowing, intelligent and voluntary, and that the waiver was not appropriate under the circumstances. A defendant may freely waive his or her right to appeal, even after a jury trial, and such waivers will be enforced if they are voluntary, knowing and intelligent (*see People v Holman*, 89 NY2d 876, 878 [1996]; *People v Seaberg*, 74 NY2d 1, 10-11 [1989]). Moreover, "[t]here is nothing offensive, constitutionally, statutorily or as a matter of policy, in permitting a defendant to waive [his or her] rights to appeal from judgments of more than one conviction . . . in situations such as this, irrespective of whether [the negotiated] plea stems from charges closely connected to those of which defendant was found guilty after trial" (*People v Holmes*, 294 AD2d 871, 871-872 [2002], *lv denied* 98 NY2d 730 [2002] [internal quotation marks and cita-

---

* In a separate proceeding, defendant subsequently pleaded guilty to the unrelated burglary charge, executed another waiver of his right to appeal and was sentenced to a term of 2½ to 5 years in prison, which was to run concurrently with his sentence in this case.

tions omitted]; *accord People v Povoski*, 55 AD3d 1221, 1221-1222 [2008]; *see People v Lee*, 50 AD3d 702, 703 [2008], *lv denied* 10 NY3d 936 [2008]; *People v Haupt*, 16 AD3d 1079, 1079 [2005], *lv denied* 5 NY3d 763 [2005]; *People v Dickerson*, 309 AD2d 966, 967 [2003], *lv denied* 1 NY3d 596 [2004]; *People v Turck*, 305 AD2d 1072, 1072-1073 [2003], *lv denied* 100 NY2d 566 [2003]; *People v Boykin*, 281 AD2d 708, 708-709 [2001]; *see also People v Calvin*, 279 AD2d 812, 812-813 [2001], *lv denied* 96 NY2d 860 [2001]; *People v Korona*, 197 AD2d 788, 789 [1993], *lv denied* 82 NY2d 926 [1994]). We note that defendant's written waiver in this case—i.e., the waiver entered at sentencing upon the jury verdict—expressly referenced a waiver following a guilty plea conviction and not a waiver following a jury trial conviction (*see People v Morton*, 56 AD3d 1054, 1055 [2008]). In our view, however, the waiver of the right to appeal is nonetheless valid in light of County Court's detailed explanation of the right to appeal, the nature of the appellate process and the issues that were encompassed by the waiver, as well as the absence of any indication that the waiver was designed to conceal error or prosecutorial overreaching (*see People v Lopez*, 6 NY3d 248, 257 [2006]; *People v Holman*, 89 NY2d at 878; *People v Vallance*, 49 AD3d 917, 918 [2008], *lv denied* 10 NY3d 845 [2008]; *People v Boykin*, 281 AD2d at 708-709).

Defendant's waiver precludes his remaining challenges, including his ineffective assistance of counsel claim, inasmuch as that claim does not relate to whether counsel's alleged errors impacted the voluntariness of his plea (*see People v Lopez*, 6 NY3d at 255; *People v Vallance*, 49 AD3d at 918; *People v Dickerson*, 309 AD2d at 967).

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.