■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MORALES, Appellant. [890 NYS2d 733]—

Kavanagh, J.

On February 27, 2008, a nine-count indictment was filed charging defendant with, among other things, burglary in the third degree. This charge arose from an incident that occurred in January 2008 in which defendant was alleged to have knowingly entered a building on Pine Street in the City of Albany with the intent to commit a crime therein. After a jury trial, defendant was found guilty of one count of burglary in the third degree.*

Later, defendant agreed to plead guilty to one count of criminal possession of stolen property in the fourth degree in satisfaction of charges contained in an unrelated indictment that involved an incident that occurred in October 2007. In return for this plea, it was agreed that defendant would not be sentenced as a persistent felony offender and that the sentences to be imposed on his convictions for criminal possession of stolen property and burglary would not exceed 1½ to 3 years and 3½ to 7 years, respectively. Significantly, defendant also agreed to waive his right to appeal not only from his judgment of conviction for criminal possession of stolen property, but also from his judgment of conviction after trial of the crime of burglary. Defendant was ultimately sentenced as a second felony offender to consecutive prison terms of 1½ to 3 years and 3½ to 7 years for his convictions of criminal possession of stolen property in the fourth degree and burglary in the third degree, respectively. Defendant now appeals, challenging only his burglary conviction.

Initially, we note that " '[t]here is nothing offensive, constitutionally, statutorily or as a matter of policy, in permitting a defendant to waive [his or her] rights to appeal from judgments of more than one conviction . . . in situations such as this, irre-

---

* Defendant was acquitted of the eight other counts in the indictment that involved a separate burglary that occurred at another time and at a different location.

spective of whether [the negotiated] plea stems from charges closely connected to those of which defendant was found guilty after trial' " (*People v Cipriani*, 61 AD3d 1214, 1215 [2009], *lv denied* 13 NY3d 795 [2009], quoting *People v Holmes*, 294 AD2d 871, 871-872 [2002], *lv denied* 98 NY2d 730 [2002]; *see People v Povoski*, 55 AD3d 1221, 1221-1222 [2008], *lv denied* 11 NY3d 929 [2009]). In addition to explaining to defendant the ramifications of waiving his right to appeal, and that it was a right that was "separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]), County Court clearly and unambiguously advised defendant that the waiver covered not simply his guilty plea to criminal possession of stolen property, but also his conviction for burglary obtained after trial (*compare People v Rosario*, 24 AD3d 199 [2005], *lv denied* 6 NY3d 897 [2006]). It reiterated, and defendant in the presence of counsel indicated that he understood, that he was giving up the right "to appeal the conviction and sentence to be imposed here as well as on the conviction and sentence with regard to the trial which was concluded a week ago." In return, defendant received a commitment that he would not be sentenced as a persistent felony offender. Under all of the circumstances, we are of the view that defendant made an intelligent and voluntary decision to waive his right to appeal both convictions and did so after having a full and fair opportunity to confer with counsel.

Given defendant's valid waiver of his right to appeal, we cannot reach his claims that his sentence was harsh or excessive (*see People v Lopez*, 6 NY3d at 255; *People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Barrier*, 7 AD3d 885, 886 [2004], *lv denied* 3 NY3d 670 [2004]), his challenge to the evidentiary support for the jury's verdict or his claim that County Court committed reversible error in admitting evidence of his involvement in other criminal activity (*see People v Lee*, 50 AD3d 702, 703 [2008], *lv denied* 10 NY3d 936 [2008]; *People v Dickerson*, 309 AD2d 966, 967 [2003], *lv denied* 1 NY3d 596 [2004]). Finally, defendant's claim that he was denied the effective assistance of counsel involves claims regarding counsel's conduct during the trial and does not implicate the voluntariness of defendant's decision to enter a guilty plea or waive his right to appeal and, therefore, this claim is also foreclosed (*see People v Cipriani*, 61 AD3d at 1216).

Peters, J.P., Rose, Kane and McCarthy, JJ., concur. Ordered that the judgment is affirmed.