THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANSON WHITTED, Appellant. [896 NYS2d 686]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered February 22, 2008, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Following the defendant's conviction of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree after a nonjury trial, the defendant agreed to execute a forfeiture agreement and waive his right to appeal in exchange for a sentencing recommendation from the People.

The defendant's waiver of his right to appeal was knowing, intelligent, and voluntary (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Accordingly, this Court will not review his claim that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance may have impacted the voluntariness of his waiver agreement (*see People v Morales*, 68 AD3d 1356 [2009]; *People v Cipriani*, 61 AD3d 1214, 1215 [2009]). To the extent the defendant claims that the alleged ineffectiveness impacted the voluntariness of the waiver agreement, his claim is based in part on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Moran*, 57 AD3d 1010 [2008]; *People v Gallo*, 54 AD3d 964, 965 [2008]; *People v Holland*, 44 AD3d 874, 874 [2007]). To the extent the defendant's claim may be reviewed, it is without merit (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *see also People v Ford*, 86 NY2d 397 [1995]).

The defendant's remaining contentions will not be reviewed in light of his valid waiver of the right to appeal. Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.