# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1374**

**KA 09-00310**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

WILLIAM MORRISON, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (ROBERT R. REITTINGER OF COUNSEL), FOR DEFENDANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROSEANN B. MACKECHNIE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered April 18, 2007. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, sexual abuse in the first degree and endangering the welfare of a vulnerable elderly person, or an incompetent or physically disabled person in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]), sexual abuse in the first degree (§ 130.65 [1]), and endangering the welfare of a vulnerable elderly person, or an incompetent or physically disabled person in the second degree (§ 260.32 [4]), stemming from charges that he raped a 90-year-old resident of a residential health care facility where he worked as a certified nurse's aide. An investigator with the Medicaid Fraud Control Unit interviewed defendant approximately two weeks after the rape and made a written report of that interview, but that report was not turned over to defense counsel until after the investigator testified at trial. County Court denied defendant's motion for a mistrial but struck the testimony of the investigator, and the court directed that he testify again, precluding the People from questioning the investigator about that interview.

On appeal, defendant contends that the People's delayed disclosure of the report constituted a *Brady* violation, a violation of CPL 240.20 (1) (a), and a *Rosario* violation, and that a mistrial was warranted. We reject defendant's contention that the People's delayed disclosure constituted a *Brady* violation. "To establish a *Brady* violation, a defendant must show that (1) the evidence is favorable to

the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (*People v Fuentes*, 12 NY3d 259, 263, *rearg denied* 13 NY3d 766; *see Strickler v Greene*, 527 US 263, 281-282).  Evidence cannot be said to have been suppressed by the prosecution "where the defendant 'knew of, or should reasonably have known of, the evidence and its exculpatory nature' " (*People v LaValle*, 3 NY3d 88, 110).  Here, there is no question that defendant knew what statements he made to the investigator during the interview, and thus possession of the investigator's report "would not have revealed any essential information that the defense did not already know" (*id.*).  Moreover, "a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" (*People v Cortijo*, 70 NY2d 868, 870; *see People v Comfort*, 60 AD3d 1298, 1300, *lv denied* 12 NY3d 924; *People v Barney*, 295 AD2d 1001, 1002, *lv denied* 98 NY2d 766).

We agree with defendant that, based on their delay in disclosing the report, the People violated CPL 240.20 (1) (a) and committed a *Rosario* violation (*see* CPL 240.45 [1] [a]).  Nevertheless, reversal is not warranted based on those violations because defendant failed to establish that he was substantially prejudiced by the delay in obtaining the report (*see People v Benton*, 87 AD3d 1304, 1305; *People v Sweney*, 55 AD3d 1350, 1351-1352, *lv denied* 11 NY3d 901; *People v Gardner*, 26 AD3d 741, *lv denied* 6 NY3d 848).  Rather, we conclude that the court did not abuse its discretion by denying defendant's motion for a mistrial (*see People v Lluveres*, 15 AD3d 848, 849, *lv denied* 5 NY3d 807), and by instead providing "suitable alternative relief" (*People v Lewis*, 37 AD3d 176, 177, *lv denied* 9 NY3d 846, 847; *see* CPL 240.70 [1]).

Defendant further contends that the admission in evidence of a certified DNA report prepared by an analyst who did not testify at trial and the testimony of an analyst who testified at trial regarding that report violated his rights under the Confrontation Clause of the US Constitution Sixth Amendment (*see generally Crawford v Washington*, 541 US 36, 50-54).  We agree.  "The Sixth Amendment to the United States Constitution guarantees a defendant the right to be 'confronted with the witnesses against him [or her]' " (*People v Brown*, 13 NY3d 332, 338).  "This provision bars 'admission of testimonial statements of a witness who did not appear at trial unless he [or she] was unavailable to testify, and the defendant . . . had a prior opportunity for cross-examination' " (*id.*, quoting *Crawford*, 541 US at 53-54).  We must therefore determine whether the statements were "testimonial," because only testimonial statements are subject to the Confrontation Clause (*see Davis v Washington*, 547 US 813, 821).

In *Brown* (13 NY3d at 336), the report in question contained machine-generated raw data, graphs and charts of a male specimen's DNA characteristics that were isolated from a rape kit.  The Court of Appeals held that the report was not testimonial inasmuch as there

were "no conclusions, interpretations, or comparisons apparent in the report" (*id.* at 340; *see People v Thompson*, 70 AD3d 866, 866-867, *lv denied* 15 NY3d 757). The forensic biologist who conducted the actual analysis that linked the defendant's DNA profile to the profile in the victim's rape kit was in fact called by the People as a witness in *Brown* (*id.* at 340). That was not the case here, where the analyst who performed the tests and concluded that the DNA mixture profile from the vaginal swab sample was consistent with DNA from the victim mixed with DNA from defendant was never called to testify. Contrary to the People's contention, the analyst who was called to testify, i.e., the supervisor of the other analyst, did not perform her own independent review and analysis of the DNA data. Rather, her testimony makes clear that she had nothing to do with the analysis performed by the uncalled witness, and that her only involvement was simply reading the report after it was completed to ensure that the uncalled witness followed proper procedure. The People could not substitute her testimony for that of the actual analyst who performed the tests in order to avoid a violation of the Confrontation Clause (*see Bullcoming v New Mexico*, ___ US ___, ___, 131 S Ct 2705, 2709-2710).

We agree with the People, however, that the error is harmless. "Trial errors resulting in violation of a criminal defendant's Sixth Amendment right to confrontation 'are considered harmless when, in light of the totality of the evidence, there is no reasonable possibility that the error affected the jury's verdict' " (*People v Porco*, 17 NY3d 877, 878). A forensic scientist testified at trial that the vaginal smear slide she examined was "sperm positive," thus establishing that someone had intercourse with the victim. The DNA evidence established that it was defendant who had intercourse with the victim, but his identity was not in issue inasmuch as he confessed to having intercourse with her. We thus conclude that there is no reasonable possibility that the error in admitting the DNA testimony affected the jury's verdict (*see id.*). We further conclude that any error in allowing certain hearsay testimony of the victim is likewise harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Entered:  December 23, 2011                          Frances E. Cafarell
                                                     Clerk of the Court