■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA L. WOLZ, Appellant. [976 NYS2d 723]—

Spain, J. Appeals from a judgment of the County Court of Franklin County (Main Jr., J.), rendered February 6, 2012, (1) upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree and (2) convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

After a jury trial, defendant was convicted as charged of crim-

inal sale of a controlled substance in the third degree for selling oxycodone, a narcotic drug, to a confidential informant during a controlled buy overseen by law enforcement officers. At sentencing, defendant accepted a plea agreement pursuant to which he entered a guilty plea to burglary in the third degree in satisfaction of an unrelated eight-count indictment, admitted for all purposes that he was a second felony offender, and waived his right to appeal the conviction and sentence in both cases. The plea also satisfied another four-count indictment that was scheduled for trial charging him with evidence tampering and other crimes. In exchange, defendant was promised a sentence of $3^{1}/_{2}$ to 7 years in prison for the criminal sale conviction and no more than 10 years for the burglary conviction, with three years of postrelease supervision. Defendant was thereafter sentenced as a second felony offender to the agreed-upon sentence on the criminal sale conviction, and to a concurrent term of 10 years in prison and three years of postrelease supervision on the burglary conviction. Defendant now appeals.

Initially, upon review of the record, we find that, contrary to defendant's contentions, his guilty plea and appeal waivers were knowingly, voluntarily and intelligently entered (*see People v Brown*, 14 NY3d 113, 116 [2010]; *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Morales*, 68 AD3d 1356, 1356-1357 [2009], *lv denied* 14 NY3d 803 [2010] [waived appeal as to both a jury verdict and an unrelated plea as part of one negotiated deal]; *People v Cipriani*, 61 AD3d 1214, 1215 [2009], *lv denied* 13 NY3d 795 [2009] [same]). County Court outlined all of the terms of the plea agreement on the record, explained the consequences of the guilty plea and the trial-related rights that defendant was forgoing, and elicited his understanding of each of the terms. When a question arose as to whether the appeal waiver would apply to both the criminal sale and the burglary convictions, the court took a recess and conferred with the parties, following which the court placed on the record the parties' understanding that defendant would be waiving his right to appeal all aspects of both convictions with two specified qualifications (*see People v Morales*, 68 AD3d at 1357). Defendant then admitted the acts constituting burglary in the third degree and the court engaged in an extended colloquy before accepting his guilty plea to the burglary count. During that allocution, the court explained the appeal waiver, advising that a defendant may "ordinarily appeal any decision, [o]rder, or ruling of the court which he [or she] believes to be legally incorrect or otherwise inappropriate" but that, as a separate part of his plea agreement, defendant would be required, as agreed, to waive his right to appeal "all aspects of the proceeding except any of a constitutional nature and . . .

any violat[ion] by the court of its sentencing commitment;''* defendant expressly agreed to the appeal waiver as to the burglary conviction. The court then separately elicited defendant's agreement to the identical qualified appeal waiver as to the criminal sale conviction, after ascertaining that he had discussed the waiver with counsel, who was satisfied that defendant understood it. Thus, contrary to defendant's appellate claims, the court carefully explained the appeal waiver and distinguished it from the other rights that defendant was forgoing as a consequence of his guilty plea, established that defense counsel had discussed it with him, engaged defendant in separate appeal waiver colloquies as to each conviction, and did not mislead him as to the plea terms or scope of the appeal waiver (*see People v Lopez*, 6 NY3d at 256-257; *People v Morey*, 110 AD3d 1378, 1378-1379 [2013]).

Given that County Court "ma[de] certain that . . . defendant's understanding of the terms and conditions of [the] plea agreement [were] evident on the face of the record," which reflects "that [the appeal waivers were] made knowingly, intelligently and voluntarily," they will be given full effect (*People v Lopez*, 6 NY3d at 256; *see People v Calvi*, 89 NY2d 868, 871 [1996]; *People v Callahan*, 80 NY2d 273, 280 [1992]). As a consequence of "pleading guilty and waiving the right to appeal, . . . defendant has forgone review of the terms of the plea, including the harshness or excessiveness of the sentence" (*People v Lopez*, 6 NY3d at 256). Likewise, defendant's nonconstitutional challenges to the court's *Molineux* ruling are encompassed within and precluded by his appeal waiver (*see People v Barrier*, 7 AD3d 885, 886 [2004], *lv denied* 3 NY3d 670 [2004]; *see also People v Morales*, 68 AD3d at 1357), as is his contention regarding the court's admission into evidence of the tape recording and transcript of the drug sale (*see People v Mercer*, 81 AD3d 1159, 1160 [2011], *lv denied* 19 NY3d 999 [2012]).

Defendant's argument that his right to confront witnesses against him at trial under the 6th Amendment was violated is a constitutional claim that he reserved in his qualified appeal waiver, but we find that it has no merit. Defendant contends that County Court erred when it admitted into evidence the

---

\* Ordinarily, issues that survive an appeal waiver include a challenge to the legality of the sentence (*see People v Callahan*, 80 NY2d 273, 280 [1992]) or any issue that "involve[s] a right of constitutional dimension going to 'the very heart of the process' " (*People v Lopez*, 6 NY3d at 255, quoting *People v Hansen*, 95 NY2d 227, 230 [2000]). Here, defendant expressly reserved all issues of a "constitutional nature" from this appeal waiver.

controlled substance report documenting that the substance in issue was oxycodone, where Clifford Brant, the State Police forensic scientist who performed the chemical analysis and prepared the report, testified at trial, but his supervisor, Margaret Lafond—who cosigned the report—did not testify. The Confrontation Clause of the 6th Amendment to the US Constitution guarantees a defendant in a criminal prosecution the right to be "confronted with witnesses against him [or her]" (US Const 6th Amend), which precludes the "admission of testimonial statements of a witness who did not appear at trial unless he [or she] was unavailable to testify, and the defendant . . . had a prior opportunity for cross-examination" (*Crawford v Washington*, 541 US 36, 53-54 [2004]). The US Supreme Court held in *Melendez-Diaz v Massachusetts* (557 US 305 [2009]) that a sworn report from a state laboratory identifying a substance for purposes of a criminal prosecution is testimonial, and that the analysts were witnesses for purposes of the 6th Amendment who the accused was entitled to confront (*id.* at 310-311). The Court further held that, absent proof that such analysts were unavailable and that the accused had a prior opportunity to cross-examine them, his right of confrontation was violated (*id.*; *see Bullcoming v New Mexico*, 564 US —, —, 131 S Ct 2705, 2716-2717 [2011]; *People v Pealer*, 20 NY3d 447, 453-454 [2013], *cert denied* 571 US —, 134 S Ct 105 [2013]; *People v Brown*, 13 NY3d 332, 338-339 [2009]).

Here, unlike *Melendez-Diaz* and *Bullcoming*, Brant—the analyst who identified the oxycodone, performed the chemical tests on it, determined the nature of the substance, and authored the report—in fact testified and was subject to cross-examination (*see People v Raucci*, 109 AD3d 109, 121-122 [2013]; *compare People v Morrison*, 90 AD3d 1554, 1556-1557 [4th Dept 2011], *lv denied* 19 NY3d 1028 [2012], *reconsideration denied* 20 NY3d 934 [2012] [the analyst who performed the forensic tests and drew conclusions was not called to testify but, rather, the analyst's supervisor testified, who did not perform her own independent review or analysis]). The report is certified pursuant to CPL 190.30 (2) with the following language: "I, Clifford E. Brant, . . . hereby certify" and then states that it is "my [i.e. Brant's] report and contains the opinions and interpretations of the examination *I performed* in the above referenced case" (emphasis added). Brant also testified that Lafond cosigned the report after an administrative review of it, as required by State Police protocol. There is no support in the record for the proposition that Lafond examined or analyzed the substance, observed Brant doing so, or was signing the report in that capacity. Indeed, Brant testified that after he alone performed the foren-

sic chemical testing, he sealed, signed and dated the laboratory bag containing the pill, which remained intact as of the trial, supporting the conclusion that Lafond only read and signed the report after it was completed to ensure that proper procedure was followed (*see e.g. People v Morrison*, 90 AD3d at 1556-1557), and she had no role in ascertaining or verifying the identity of the substance in issue. Thus, the "actual analyst who performed the tests" (*id.* at 1557) and "wr[o]te [the] report[ ]" (*Bullcoming v New Mexico*, 564 US at, 131 S Ct at 2715) testified. We find that Lafond, who neither analyzed the substance in issue nor authored the report, was not a "witness" against defendant for purposes of the Confrontation Clause (*cf. Melendez-Diaz v Massachusetts*, 557 US at 311) and, accordingly, no *Crawford* violation occurred as a result of the People admitting Brant's report into evidence without calling Lafond to testify.

Defendant's remaining claims also lack merit.

Stein, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.