*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: September 4, 2014                    106165
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

WILLIAM J. MINER,
                    Appellant.
_____


Calendar Date:  August 21, 2014

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____


        Theresa M. Suozzi, Saratoga Springs, for appellant.

        James A. Murphy III, District Attorney, Ballston Spa (Ann
C. Sullivan of counsel), for respondent.

_____


Clark, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered April 2, 2013, convicting
defendant upon his plea of guilty of the crime of failing to
register under the Sex Offender Registration Act.

        In January 2013, defendant, a registered sex offender,
waived indictment and agreed to be prosecuted by a superior court
information charging him with the reduced crime of failing to
report an address change within 10 days as a first offense, under
the Sex Offender Registration Act (hereinafter SORA) (see
Corrections Law §§ 168-f [4]; 168-t).  Pursuant to the plea
agreement, which included an appeal waiver, defendant pleaded
guilty as charged and, after his pro se oral motion to withdraw
his guilty plea was denied, he was sentenced, as agreed, to 1⅓

to 4 years in prison, to be served concurrently to another sentence he was then serving for failing to comply with SORA verification requirements. Defendant now appeals, contending that his plea and appeal waiver were invalid and that the sentence is harsh and excessive.

Defendant's challenge to his guilty plea as involuntary survives an appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Swindell, 72 AD3d 1340, 1341 [2010], lv denied 15 NY3d 778 [2010]) and was preserved by his motion to withdraw his plea (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Morey, 110 AD3d 1378, 1379 [2013], lv denied 23 NY3d 965 [2014]). However, the record reflects that his guilty plea was knowing, voluntary and intelligent (see People v Tyrell, 22 NY3d 359, 361, 365-366 [2013]; People v Fiumefreddo, 82 NY2d 536, 543 [1992]; People v Shovah, 67 AD3d 1257, 1258 [2009], lv denied 14 NY3d 773 [2010]; People v Kennedy, 46 AD3d 1099, 1100 [2007], lv denied 10 NY3d 841 [2008]). During the plea allocution, defendant was advised of and indicated that he understood his rights and the terms and consequences of the plea agreement and wished to enter a guilty plea. His sentencing-related question was answered, and his claim of feeling pressured to accept the plea amounts to the type of "situational coercion" faced by many defendants, which does not undermine the voluntariness of the validly entered guilty plea (People v Seaberg, 74 NY2d at 8; see People v Morey, 110 AD3d at 1379). His contentions regarding what counsel advised him or investigated are outside the record on appeal and are more properly raised in a motion to vacate the judgment pursuant to CPL article 440 (see People v Haffiz, 19 NY3d 883, 885 [2012]; People v Moyer, 75 AD3d 1004, 1006-1007 [2010]).

Likewise, defendant indicated during the plea allocution that his attorney had explained the appeal waiver to him, which he understood, and acknowledged in open court that it was his signature on the written waiver of appeal, which had been signed out of court. County Court made clear that the appeal waiver was "separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]). We find that the combined affirmation of the written appeal waiver and the oral colloquy related thereto sufficiently demonstrated

defendant's understanding of the appeal waiver, which was entered knowingly, voluntarily and intelligently (see People v Lopez, 6 NY3d at 256; People v Callahan, 80 NY2d 273, 280 [1992]; People v Wolz, 112 AD3d 1150, 1151-1152 [2013]; compare People v Elmer, 19 NY3d 501, 510 [2012]).  Given the valid appeal waiver, defendant is precluded from challenging his negotiated sentence as harsh and excessive (see People v Lopez, 6 NY3d at 256).  Defendant's remaining claims, to the extent not expressly discussed, have been reviewed and determined to be without merit.

McCarthy, J.P., Garry, Egan Jr. and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court