*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    107343
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

MYRON GREEN,
                    Appellant.
_____

Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

                    _____


        Joseph R. Brennan, Queensbury, for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

                    _____


Devine, J.

        Appeal from a judgment of the County Court of Warren County
(McKeighan, J.), rendered March 13, 2015, upon a verdict
convicting defendant of the crimes of manslaughter in the second
degree and reckless endangerment in the second degree.

        Defendant struck and killed a pedestrian while driving an
automobile around noon on June 21, 2012 in the Town of Bolton,
Warren County.  Defendant disclosed to officers responding to the
scene that he had taken antianxiety medication prior to the
crash.  Defendant told one patrol officer for the Warren County
Sheriff's Office in particular, Haley Grace, that he had taken
two central nervous system depressants earlier in the day,
including twice his prescribed dosage of Clonazepam and a dose of
Paxil.  He further admitted that the Clonazepam made him

"sleepy," and Grace subjected him to a breathalyzer test that was negative and field sobriety tests that revealed him to be impaired. Defendant agreed to travel to the police station for further testing and was advised of his Miranda rights upon his arrival, after which he stated that he wanted to "talk to [his] attorney." The request was ignored and defendant was subjected to a drug recognition evaluation (hereinafter DRE) that revealed him to be impaired, an additional breathalyzer test that was negative and two blood tests, one of which conducted pursuant to a warrant, that revealed the presence of depressants in his system.

Defendant was charged in an indictment with offenses stemming from the fatal accident. His pretrial motion to suppress the statements that he made to investigators after he purportedly invoked his right to counsel, as well as the results from the various tests conducted after that time, was denied. Defendant was thereafter convicted by a jury of manslaughter in the second degree and reckless endangerment in the second degree. County Court imposed an aggregate prison sentence of 2 to 6 years. Defendant now appeals.[1]

Defendant asserts, and the People do not seriously dispute, that he was in custody by the time he was administered Miranda warnings at the station (see People v Hardy, 223 AD2d 839, 841 [1996]). The People further conceded at oral argument that defendant invoked his constitutional and limited statutory right to counsel in response to those warnings and that, under the circumstances of this case, valid grounds existed to suppress his post-invocation statements and evidence related to the DRE, second breathalyzer and blood tests (see Vehicle and Traffic Law § 1194 [2] [a] [1]; People v Higgins, 124 AD3d 929, 931-932 [2015]; People v Mora-Hernandez, 77 AD3d 531, 531 [2010]).[2] The

---

[1]    Defendant's application for bail pending appeal was granted by this Court, but that order was subsequently revoked (2015 NY Slip Op 66036[U] [2015]).

[2]    The second blood test was obtained pursuant to a warrant and, while the applicant for that warrant cited his belief that

erroneous admission of this evidence is reviewed under the harmless error doctrine, and such an error is considered harmless "when, in light of the totality of the evidence, there is no reasonable possibility that the error affected the jury's verdict" (People v Lopez, 16 NY3d 375, 386-387 [2011] [internal quotation marks and citations omitted]; accord People v Dashnaw, 85 AD3d 1389, 1391 [2011], lv denied 17 NY3d 815 [2011]).  The admissible evidence at trial established that defendant took twice his prescribed dosage of Clonazepam the morning of the accident and that he failed field sobriety tests administered at the scene.  Nevertheless, inasmuch as defendant's inadmissible statements, the recording of the DRE test and the evidence of the inadmissible test results themselves may well have contributed to the conviction, it cannot be said that the erroneous admission of that evidence was harmless (see People v Dashnaw, 85 AD3d at 1391-1392; People v Van Patten, 48 AD3d 30, 35-36 [2007], lv denied 10 NY3d 845 [2008]; People v Hilliard, 20 AD3d 674, 678-679 [2005], lv denied 5 NY3d 853 [2005]).  Thus, the conviction must be reversed and the matter remitted for a new trial.

Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ., concur.

---

defendant had committed an offense other than one found in Vehicle and Traffic Law § 1192, "a search warrant may validly be issued to obtain a blood sample" if probable cause exists to believe that "a[ny] violation of the Penal Law" has occurred (People v Casadei, 66 NY2d 846, 848 [1985]; see People v Goodell, 164 AD2d 321, 326 [1990], affd 79 NY2d 869 [1992]).  That being said, the application for that warrant relied in significant part upon the inadmissible DRE results, and "the derivative evidence seized under color of the subsequent search warrant" must also be suppressed (People v Burr, 70 NY2d 354, 362 [1987], cert denied 485 US 989 [1988]; see Murray v United States, 487 US 533, 542 [1988]).

        ORDERED that the judgment is reversed, on the law, motion to suppress statements made and evidence related to testing conducted after defendant's right to counsel attached granted and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.



                        ENTER:


                        Robert D. Mayberger
                        Clerk of the Court