Mulvey, J.
 

 Appeal from a judgment of the Supreme Court (Connolly, J.), rendered October 1, 2013 in Albany County, (1) upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree, and (2) convicting defendant upon his plea of guilty of the crime of criminal possession of weapon in the second degree.
 

 Following a jury trial, defendant was convicted of criminal possession of a weapon in the second degree as charged in an indictment (hereinafter the first indictment) stemming from an incident on June 17, 2012 in which he possessed a loaded .32 caliber pistol and threatened a woman with it outside of her home. Before the trial on the first indictment, defendant was charged in a separate indictment (hereinafter the second indictment) with the crimes of criminal possession of a weapon in the second degree and reckless endangerment in the second degree following an incident in which he fired bullets from a different loaded firearm into a home. After the verdict on the first indictment but prior to sentencing, defendant accepted a negotiated agreement related to both the verdict and second indictment pursuant to which he pleaded guilty to criminal possession of a weapon in the second degree as charged in the second indictment. The agreement included waivers of appeal as to both convictions. Thereafter, consistent with the terms of the agreement, defendant was sentenced, as a second violent felony offender, to two concurrent prison terms of 13 years, followed by five years of postrelease supervision. Defendant now appeals.
 

 We affirm. Initially, we agree with defendant’s contention that the waivers of appeal are invalid. While a defendant may waive his or her right to appeal from a jury verdict, and may do so in conjunction with a guilty plea and appeal waiver to an unrelated indictment (see People v Wolz, 112 AD3d 1150, 1151-1152 [2013], lv denied 23 NY3d 1026 [2014]; People v Morales, 68 AD3d 1356, 1356-1357 [2009], lv denied 14 NY3d 803 [2010]), the record here fails to reflect that defendant had a “full appreciation of the consequences of such waiver [s]” so as to establish that they were knowing, voluntary and intelligent (People v Bradshaw, 18 NY3d 257, 264 [2011] [internal quotation marks and citation omitted]; see People v Lopez, 6 NY3d 248, 256-257 [2006]; compare People v Sanders, 25 NY3d 337, 339-341 [2015]). To that end, while Supreme Court made clear during the allocution that the waivers of appeal applied to both the jury verdict and the guilty plea, the court alternated between the two matters, rendering the distinctions between them unclear and confusing (compare People v Wolz, 112 AD3d at 1151-1152). Further, the court did not explain the nature of the appellate process or defendant’s appeal rights, and merely elicited that defendant had discussed “this matter” with counsel (compare id.; People v Cipriani, 61 AD3d 1214, 1216 [2009], lv denied 13 NY3d 795 [2009]). With regard to the waiver of appeal from the jury verdict, the record does not reflect that defendant was advised of or understood any of the appellate issues that could be raised following a trial. During the allocution with regard to the second indictment, the court failed to elicit an unqualified appeal waiver or to adequately distinguish the separate and distinct nature of the appeal waiver from the trial-related rights that defendant was automatically relinquishing by his guilty plea (see People v Lopez, 6 NY3d at 256; compare People v Wolz, 112 AD3d at 1151-1152; People v Morales, 68 AD3d at 1357). While defendant apparently signed separate, identical written waivers of appeal as to each matter, the court did not elicit that he had read them or was aware of their contents, or that he understood or had discussed them with counsel (see People v Bradshaw, 18 NY3d at 261-262, 265-267; People v Callahan, 80 NY2d 273, 283 [1992]; People v Woods, 147 AD3d 1156, 1156 [2017], lv denied 29 NY3d 1089 [2017]; People v Larock, 139 AD3d 1241, 1242 [2016], lv denied 28 NY3d 932 [2016]; compare People v Ramos, 7 NY3d 737, 738 [2006]).
 

 Regarding defendant’s challenges to the voluntariness of his plea and the factual sufficiency of the plea allocution, they were not preserved by an appropriate postallocution motion to withdraw his plea (see CPL 220.60 [3]; People v Woods, 147 AD3d at 1156-1157). Contrary to his claim, the record does not reflect that he made any statements during the colloquy that triggered the narrow exception to the preservation requirement (see People v Williams, 27 NY3d 212, 219-220 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]).
 

 Defendant further contends that the jury verdict convicting him of criminal possession of a weapon in the second degree is not supported by legally sufficient evidence and is against the weight of the evidence.
 
 *
 
 As relevant here, a person is guilty of criminal possession of a weapon in the second degree when he or she possesses a loaded firearm outside the presence of his or her home or place of business (see Penal Law § 265.03 [3]). The victim testified that at around 1:27 a.m. on June 17, 2012, while socializing at home with family and friends, defendant, who she described to police and later identified, unexpectedly appeared in front of her home. When she directed him to leave, he pulled out a gun from his shirt, pointed it at her chest and threatened to shoot her. She called 911 and followed defendant down the street and observed him toss the gun under a car, remaining on her cell phone with the police dispatcher until police arrived shortly thereafter. The victim pointed out where the gun had been thrown, and police retrieved the gun and determined that it was loaded with two rounds of ammunition. Subsequent tests established that it was operable (see Penal Law § 265.00 [15]). Although DNA evidence failed to connect defendant to the gun, viewing the evidence in the light most favorable to the People, we find that legally sufficient evidence was adduced proving the elements of this crime beyond a reasonable doubt, including defendant’s actual possession of the loaded gun (see Penal Law § 10.00 [8]; People v Ramos, 19 NY3d 133, 136 [2012]; People v Bleakley, 69 NY2d 490, 495 [1987]).
 

 Defendant also challenges the victim’s credibility because she testified under subpoena, and he argues that her account that she followed defendant down the street after he threatened her with a gun is inconceivable. However, we do not agree that her reluctance to testify in this prosecution or her proactive pursuit of defendant after he threatened her, during which she remained in phone contact with police and relayed what was happening in real time, rendered her unworthy of belief. The jury’s determination to credit her account, which was consistent and believable, is entitled to great deference (see People v Place, 152 AD3d 976, 979 [2017]; People v Cruz, 152 AD3d 822, 823 [2017]; People v Worthington, 150 AD3d 1399, 1402 [2017], lv denied 29 NY3d 1095 [2017]). Reviewing the evidence in a neutral light and deferring to the jury’s resolution of credibility issues, we are satisfied that the verdict is supported by the weight of the credible evidence (see People v Gray, 151 AD3d 1470, 1475 [2017], lv denied 30 NY3d 949 [Sept. 28, 2017]).
 

 Next, defendant argues that Supreme Court erred in denying his motion to suppress his oral statements to a police detective after he was apprehended, with regard to the first indictment, which were recorded on video. Defendant contends that he invoked his right to counsel and to remain silent during that questioning, which presents “mixed question[s] of law and fact that must be determined with reference to the circumstances surrounding the request including the defendant’s demeanor, manner of expression and the particular words found to have been used by the defendant” (People v Henry, 133 AD3d 1085, 1086 [2015] [internal quotation marks and citation omitted]). As relevant here, the right to counsel indelibly attaches when “an uncharged individual . . . , while in custody, has requested a lawyer in that matter [and, o]nce a defendant unequivocally requests counsel, all police questioning must cease” (People v Slocum, 133 AD3d 972, 974 [2015] [internal quotation marks and citations omitted], appeal dismissed 29 NY3d 954 [2017]; see People v Grice, 100 NY2d 318, 320-321 [2003]).
 

 As Supreme Court found and the People do not dispute, defendant, handcuffed in a police interview room, was in custody (see People v Paulman, 5 NY3d 122, 129 [2005]). The video recording of the interrogation reflects that, after defendant was read Miranda warnings, he indicated that he understood them and then questioned the detective about why he had not received an earlier advisement of his rights and why he had been taken into custody, and the detective told him that he would need to cooperate in order to learn what was going on. At that point, defendant stated, “I will get a lawyer. As a matter of fact, I don’t wanna talk no more” and then asked, “Can I please get a phone call?” Under these circumstances, defendant’s statements were not “merely a forewarning of a possible, contingent desire to confer with counsel [but,] rather [, were] an unequivocal statement of [his] present desire to do so” (People v Slocum, 133 AD3d at 975 [internal quotation marks and citation omitted]). That is, defendant made clear his desire to speak with an attorney to represent him and to cease questioning, thereby unequivocally asserting his right to counsel and to remain silent (see People v Grice, 100 NY2d at 321; People v Henry, 133 AD3d at 1086-1087). Questioning should have stopped, and any waiver of his right to counsel thereafter was ineffective in the absence of counsel (see People v Slocum, 133 AD3d at 974; People v Jemmott, 116 AD3d 1244, 1246 [2014]; People v Dashnaw, 85 AD3d 1389, 1391 [2011], lv denied 17 NY3d 815 [2011]). Thus, we agree with defendant that the court erred in denying his motion to suppress his statements.
 

 However, we find that the erroneous admission of defendant’s statements was harmless error in that, considering “the totality of the evidence, there is no reasonable possibility that the error affected the jury’s verdict” (People v Lopez, 16 NY3d 375, 386-387 [2011] [internal quotation marks and citation omitted]; accord People v Green, 141 AD3d 746, 747 [2016]). Defendant’s inadmissible statements consisted of his denial that he had a gun the night in question or that he had ever touched a gun, his claim that he had no problems that night and no idea what had happened, and that he was not at a party at the victim’s house. Defendant asserted that he and his girlfriend had simply been walking by the area, on their way to a store and then another party, when police apprehended him. As the only disputed issue was whether defendant possessed the gun on the street and he made no admissions in that regard, we find that there is no reasonable possibility that his exculpatory statements contributed to the verdict, and reversal is not required (compare People v Slocum, 133 AD3d at 977).
 

 Finally, we are unpersuaded by the claims raised in defendant’s pro se brief that he was deprived of the effective assistance of counsel. A review of the record discloses that defense counsel made appropriate pretrial motions, presented a cogent albeit unsuccessful defense, effectively cross-examined witnesses and raised relevant objections at trial. We find that “the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation” (People v Baldi, 54 NY2d 137, 147 [1981]; accord People v Speaks, 28 NY3d 990, 992 [2016]; People v Kalina, 149 AD3d 1264, 1267 [2017], lv denied 29 NY3d 1092 [2017]). To the extent that defendant relies, in part, on matters that are outside the record on appeal, they are more appropriately raised in a motion pursuant to CPL article 440 (see People v Perkins, 140 AD3d 1401, 1403 [2016], lv denied 28 NY3d 1126 [2016]). Defendant’s remaining claims have been considered and determined to lack merit.
 

 McCarthy, J.P., Garry, Clark and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 *
 

 Contrary to the People’s claim, we find that defendant adequately preserved his challenge to the legal sufficiency of the evidence by moving, at the close of proof, for a trial order of dismissal on the specific grounds now argued (see CPL 290.10 [1]; People v Finch, 23 NY3d 408, 423-424 [2014]).