People v Shanks (2019 NY Slip Op 05724)





People v Shanks


2019 NY Slip Op 05724


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

109753

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRADFORD L. SHANKS, Appellant.

Calendar Date: June 3, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Aarons, JJ.


Kathy Manley, Selkirk, for appellant.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered April 21, 2017, upon a verdict convicting defendant of the crime of grand larceny in the third degree.
As a result of allegations that he misrepresented his income in order to obtain lost wage benefits on an insurance claim, defendant was charged in an indictment with grand larceny in the third degree. Defendant had a string of assigned attorneys and, after County Court relieved the last and refused to appoint another because of the role defendant's behavior had repeatedly played in the breakdown of the attorney-client relationship, he represented himself at trial with an assigned legal advisor. At the conclusion of that trial, a jury found defendant guilty as charged. He thereafter retained counsel, who filed several postverdict motions. An agreement was ultimately reached in which defendant withdrew his motions and waived his right to appeal in return for a sentence of time served and the resolution of unrelated criminal charges against him. County Court imposed the agreed-upon sentence, and defendant appeals.
We affirm. To begin, "a defendant may waive his or her right to appeal from a jury verdict" (People v Leflore, 154 AD3d 1164, 1164 [2017], lv denied 30 NY3d 1106 [2018]; see People v Holman, 89 NY2d 876, 878 [1996]; People v Seaberg, 74 NY2d 1, 6-7 [1989]; People v Cipriani, 61 AD3d 1214, 1215 [2009], lv denied 13 NY3d 795 [2009]). The People set forth the terms of the postverdict agreement on the record, including that defendant would waive his right to appeal for a sentencing commitment of time served. County Court then engaged in a thorough colloquy with defendant, during which defendant acknowledged that he had discussed the agreement with counsel to his satisfaction and understood it. County Court explained the right to appeal from the conviction and eventual sentence, distinguished it from the trial rights that defendant had exercised and made clear that defendant was being asked to give it up as part of the agreement. Defendant confirmed that he understood all of this and orally waived his right to appeal. He further executed a written waiver that was handed up prior to sentencing, a document [*2]that included assurances that it had been signed by defendant in open court after consulting with defense counsel. We are satisfied from the foregoing that, notwithstanding isolated uses of language more appropriate for a waiver executed as part of a plea agreement, defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Wolz, 112 AD3d 1150, 1151-1152 [2013], lv denied 23 NY3d 1026 [2014]; People v Cipriani, 61 AD3d at 1216; cf. People v Leflore, 154 AD3d at 1164-1165).
Defendant argues that he was improperly found to have forfeited his right to counsel at trial but, even assuming that this argument survives his valid appeal waiver (compare People v Trapani, 162 AD3d 1121, 1122 [2018], with People v Morales, 68 AD3d 1356, 1357 [2009], lv denied 14 NY3d 803 [2010] and People v Cipriani, 61 AD3d at 1216), we cannot agree with it due to "his persistent pattern of threatening, abusive, obstreperous, and uncooperative behavior with successive assigned counsel" (People v Sloane, 262 AD2d 431, 432 [1999], lvs denied 93 NY2d 1027 [1999]; see People v Cooper, 128 AD3d 1431, 1433 [2015], lv denied 26 NY3d 966 [2015]). His remaining contentions are precluded by his appeal waiver (see People v Danielson, 170 AD3d 1430, 1431-1432 [2019], lv denied ___ NY3d ___ [May 21, 2019]; People v Morales, 68 AD3d at 1357; People v Mills, 45 AD3d 892, 894-895 [2007], lv denied 9 NY3d 1036 [2008]; People v Dickerson, 309 AD2d 966, 967 [2003], lv denied 1 NY3d 596 [2004]).
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.